[No. B163108. Second Dist., Div. One. May 20, 2004.]

ECC CONSTRUCTION, INC., Plaintiff and Respondent, v.
OAK PARK CALABASAS HOMEOWNERS ASSOCIATION, Defendant
and Appellant.

COUNSEL

Hunt, Ortmann, Blasco, Palffy & Rossell, Craig N. Rossell; Lascher & Lascher and Wendy Cole Lascher for Defendant and Appellant.

Girardi & Keese, David R. Lira; Law Offices of Aaron B. Booth, Aaron B. Booth; Greines, Martin, Stein & Richland, Martin Stein and Barbara W. Ravitz for Plaintiff and Respondent.

OPINION

**SPENCER, P. J.—**

## INTRODUCTION

Defendant Oak Park Calabasas Homeowners Association appealed from a judgment in favor of plaintiff ECC Construction, Inc. Plaintiff moved to dismiss the appeal for lack of jurisdiction, based on an untimely notice of appeal. We hold the notice of appeal was timely and deny the motion.

## FACTS

Judgment in this case was entered on August 5, 2002. That same day, plaintiff served notice of entry of judgment. On the following day, August 6, 2002, defendant filed a voluntary petition for bankruptcy under chapter 11 of the Bankruptcy Code.

On August 20, 2002, defendant filed a number of posttrial motions. These included motions for a new trial based on jury misconduct and excessive damages, motions for a new trial on the issue of liability and a motion for judgment notwithstanding the verdict. The hearing on these motions was scheduled for September 13, 2002.

The trial court stayed the proceedings on August 27, 2002, due to the pending bankruptcy proceedings. On September 24, 2002, defendant filed a motion in the bankruptcy court for relief from the automatic stay under 11 United States Code section 362. The bankruptcy court granted relief on September 26, 2002.

On September 30, 2002, plaintiff filed notice that the automatic stay had been set aside and defendant's posttrial motions were rescheduled for October 18, 2002. Following a hearing on the motions, the trial court denied the motions for new trial based on jury misconduct and on the issue of liability. It granted the motion for new trial based on excessive damages unless plaintiff consented to a reduction in the amount of damages. It denied the motion for judgment notwithstanding the verdict. Notice of ruling was served on October 24, 2002. Plaintiff consented to a reduction in damages, and an amended judgment on jury verdict was filed on November 15, 2002.

Defendant filed its notice of appeal on November 18, 2002. The appeal was taken from "the Judgment entered on August 5, 2002." Plaintiff filed a motion to dismiss the appeal, claiming the notice of appeal was untimely. Defendant opposed the motion, claiming the time in which to file its notice of appeal was extended due to the bankruptcy stay.[1]

## DISCUSSION

The time for taking an appeal is mandatory and jurisdictional. (*UAP-Columbus JV 326132 v. Nesbitt* (1991) 234 Cal.App.3d 1028, 1034 [285 Cal.Rptr. 856].) Failure to file a notice of appeal within the required time period therefore mandates dismissal of the appeal. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]; *Beltram v. Appellate Department* (1977) 66 Cal.App.3d 711, 714 [136 Cal.Rptr. 211].)

The normal time for taking an appeal is 60 days after service of notice of entry of judgment. (Cal. Rules of Court, rule 2(a).) Where "any party serves and files a valid notice of intention to move for a new trial and the motion is denied, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order; [¶] (2) 30 days after denial of the motion by operation of law; or [¶] (3) 180 days after entry of judgment." (*Id.*, rule 3(a).)

Under section 660 of the Code of Civil Procedure, "the power of the court to rule on a motion for a new trial shall expire 60 days from and after the

---

[1] Defendant's counsel on appeal, Wendy C. Lascher, was not the attorney who filed the notice of appeal.

mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. . . ."

■ Notice of entry of judgment was served on August 5, 2002. Sixty days from that date was October 4, 2002. That was the normal time for taking an appeal. (Cal. Rules of Court, rule 2(a).) That time was extended, however, by defendant's filing of the motions for new trial. (Cal. Rules of Court, rule 3(a).)

■ October 4, 2002, 60 days after service of notice of entry of judgment, also was the time in which the trial court had the power to rule on the motions for new trial. (Code Civ. Proc., § 660.) The trial court did not rule on the motions by that date; it did not rule on them until October 18, 2002. Under Code of Civil Procedure section 660, the rulings were untimely and the motions for new trial were denied by operation of law on October 4, 2002. (*Siegal v. Superior Court* (1968) 68 Cal.2d 97, 101 [65 Cal.Rptr. 311, 436 P.2d 311]; *Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1486 [39 Cal.Rptr.2d 802].)

■ Rule 3(a) of the California Rules of Court extended the time in which to file a notice of appeal "30 days after denial of the motion by operation of law." Thus, the time in which to file a notice of appeal was extended to November 4, 2002.[2] (*Freiberg v. City of Mission Viejo, supra*, 33 Cal.App.4th at pp. 1486–1487.) Defendant's notice of appeal was not filed until November 18, 2002, 14 days later.

Under normal circumstances, defendant's notice of appeal would have been untimely. The question here is whether defendant's filing of a bankruptcy petition and the imposition of the automatic stay extended the time in which defendant could file its notice of appeal.

■ The filing of a bankruptcy petition operates as an automatic stay of "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding] . . . ." (11 U.S.C. § 362(a)(1) (section

---

[2] November 3, 2002, was a Sunday, so the time in which to file the notice of appeal was extended an additional day. (Code Civ. Proc., §§ 10, 12a, subd. (a).)

362(a)(1)).) The running of a statutory time period does not constitute the commencement or continuation of a judicial proceeding within the meaning of this section. (*Napue v. Gor-Mey West, Inc.* (1985) 175 Cal.App.3d 608, 618 [220 Cal.Rptr. 799].) Thus, under section 362(a)(1), the filing of the bankruptcy petition and the imposition of the automatic stay did not toll the running of the period of time in which defendant was required to file its notice of appeal. (Cf. 175 Cal.App.3d at p. 619.)[3]

Defendant does not challenge the foregoing analysis of the situation here. Rather, its sole claim on appeal is that its "notice of appeal was timely by virtue of the automatic extension created by 11 [United States Code section] 108" (section 108). Section 108(b), on which defendant relies primarily, provides: "[I]f applicable nonbankruptcy law, an order entered in a nonbank-ruptcy proceeding, or an agreement fixes a period in which the debtor . . . may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—[¶] (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or [¶] (2) 60 days after the order for relief."[4]

Section 108(c), which defendant also cites, provides: "[I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—[¶] (1) the end of such period, including any suspension of such period occurring on or after commencement

---

[3] The automatic stay does not act to halt all judicial actions involving the debtor. It tolls time periods for commencing or continuing a judicial action against the debtor (*Napue v. Gor-Mey West, Inc.*, *supra*, 175 Cal.App.3d at pp. 618–619), such as the limitations period for commencing an action (*Schumacher v. Worcester* (1977) 55 Cal.App.4th 376, 380 [64 Cal.Rptr.2d 1]) or the time for enforcing or bringing an action to enforce a judgment against a debtor (*Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 376 [8 Cal.Rptr.3d 907]; *Simon v. Navon* (1st Cir. 1997) 116 F.3d 1, 5). It does not toll any limitations period affecting an action by the debtor. (*Shorr v. Kind* (1991) 1 Cal.App.4th 249, 254–255 [2 Cal.Rptr.2d 192]; *Danielson v. ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645, 652–653 [245 Cal.Rptr. 126].)

[4] A notice of appeal is a notice within the meaning of section 108(b). (*Autoskill v. National Educational Support Systems* (10th Cir. 1993) 994 F.2d 1476, 1484; *DiMaggio v. Blache* (La.Ct.App. 1985) 466 So.2d 489, 490–491.) While section 108(b) refers only to the "trustee," it also applies to a debtor in possession. (*Autoskill, supra*, at p. 1484, fn. 4.)

The "order for relief" referred to in section 108(b) is the bankruptcy petition itself. (11 U.S.C. § 301; *Napue v. Gor-Mey West, Inc., supra*, 175 Cal.App.3d at p. 620.) Sixty days after the order for relief in this case would have been October 5, 2002, earlier than the November 4, 2002 deadline for filing the notice of appeal in this case.

of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . ."

Defendant argues that "the reference to 'any period of suspension' in subdivision (b)(1) [of section 108] means the period during which the bankruptcy stay was in effect. That time must be added to the ordinary time for filing a notice of appeal." Defendant does not cite any authority for this proposition, however.

■ Defendant "has assumed that the mere existence of an automatic stay under § 362 triggers the 'suspension' referred to in § 108 [(b)]. This may be a common sense reading, but it is not the law." (*Simon v. Navon, supra,* 116 F.3d 1, 4.) The "suspension" referred to in section 108 is not a result of the automatic stay but results from other state or federal law. (*Ibid.; Aslanidis v. U.S. Lines, Inc.* (2d Cir. 1993) 7 F.3d 1067, 1073.) " 'In some jurisdictions state law may dictate suspension of a statute of limitations when a bankruptcy or another court proceeding has stayed the initiation of an action. Such suspension would presumably be included within the terms of section 108 [(b)], adding the entire duration of the automatic stay to the applicable time period. [Footnote omitted.]' " (*Simon, supra,* at p. 4, quoting from King, 2 Collier Bankruptcy Manual (3d ed. 1996) ¶ 108.04, pp. 108-14–108-15.)

■ The plain language of section 108 supports this conclusion. In subdivision (c), the statute refers to both a "suspension" and a "stay under section 362." We may presume from the use of two different terms that two different meanings were intended. (*Las Virgenes Mun. Wat. Dist. v. Dorgelo* (1984) 154 Cal.App.3d 481, 486 [201 Cal.Rptr. 266].) Had Congress intended that a "stay under section 362" constitute a "suspension" within the meaning of section 108, it could have used that term throughout the statute. Moreover, it has been held that the legislative history of section 108 evidences a congressional intent that the "suspension" in section 108 "refers to only 'special suspensions' that are found in non-bankruptcy provisions." (*Aslanidis v. U.S. Lines, Inc., supra,* 7 F.3d at p. 1073.)

Other states that have considered this question have reached the same conclusion. In *Raley v. Lile* (Tex.App. 1993) 861 S.W.2d 102, the court held that "[n]either section 362 nor section 108 operates to suspend or toll any statutory period." (*Id. at* p. 105.) Since there was no state "statute, procedural rule or common-law principle that suspends the appellate timetable during an automatic bankruptcy stay," the time in which to perfect the appeal was not tolled during the pendency of the automatic stay. (*Ibid.*)

Similarly, in *Production Credit Ass'n of Minot v. Burk* (N.D. 1988) 427 N.W.2d 108, the court held that the automatic stay did not toll the running of

the period in which to file a notice of appeal. Thus, under section 108(b)(1), there was no suspension of the time in which to file the notice of appeal and no extension of that time period. (427 N.W.2d at pp. 110–111.)

■ The authorities cited above support our conclusion that the automatic stay imposed in the instant case did not constitute a "suspension" within the meaning of section 108(b). The section therefore did not act to extend the period of time for filing a notice of appeal from the judgment.

Defendant alternatively argues that section 108(c)(1) extended the time for filing a notice of appeal, in that it extends the period of time for continuing an action against the debtor. Again, this argument depends upon the presumption that the automatic stay constitutes a "suspension" within the meaning of the statute. As discussed above, this is not the case. (*Simon v. Navon, supra,* 116 F.3d at p. 4.)

This leaves section 108(c)(2) as the only possible provision under which the time to file a notice of appeal could have been extended. This section would afford relief to defendant only if it applied to extend the time available to the trial court to rule on the motions for new trial, however.

■ Section 108(c)(2) would have acted to extend the time to file a notice of appeal until 30 days after notice of the lifting of the automatic stay, if that date were later than the end of the time period otherwise provided for filing a notice of appeal. (*Raley v. Lile, supra,* 861 S.W.2d at pp. 104–105.) Notice of the lifting of the automatic stay was given on September 30, 2002. Thirty days after that was October 30, 2002. The time in which to file the notice of appeal otherwise expired on November 4, 2002.

Section 108(c)(2) would be of no benefit to defendant if it applied only to the time in which to file a notice of appeal. If section 108(c)(2) applied to the time available to the trial court to rule on the motions for new trial, the trial court would have had until the later of: (1) 60 days after service of notice of entry of judgment (Code Civ. Proc., § 660), or (2) 30 days after notice of the lifting of the automatic stay (11 U.S.C. § 108(c)(2)). Sixty days after service of notice of entry of judgment was October 4, 2002, while 30 days after notice of the lifting of the automatic stay was October 30, 2002. The trial court's ruling on the motions on October 18, 2002, within that 30-day period thus would have been timely.

If the trial court's ruling on the motions for new trial were timely, defendant would have had 30 days after service of notice of ruling on the motions in which to file a notice of appeal (Cal. Rules of Court, rule 3(a)). Notice of ruling was served on October 24, 2002, giving defendant until

November 25, 2002 to file a notice of appeal.[5] This would make defendant's notice of appeal filed on November 18 timely.

■ We note that the general effect of an automatic stay "is to halt pending judicial proceedings involving the debtor." (*Howard v. Howard* (Tex.App. 1984) 670 S.W.2d 737, 739.) Once the automatic stay takes effect, "the State court proceedings [are] suspended at that point." (*Ibid.*)

The purpose of section 108(c)(2) is to extend "applicable time deadlines . . . for 30 days after notice of the termination of a bankruptcy stay, if such deadline would have fallen on an earlier date." (*Aslanidis v. U.S. Lines, Inc., supra*, 7 F.3d at p. 1073.) This allows the continuation of an action which otherwise would have been halted by operation of nonbankruptcy law during the period that the stay was in effect. (2 King, Collier on Bankruptcy (15th ed. 2003) § 108.04[2], p. 108-15.)

Here, the trial court stayed the proceedings while the automatic stay was in effect. Defendant had no way of obtaining a ruling on its motions for new trial until after the automatic stay was lifted and the trial court lifted its stay on the proceedings. Under the circumstances, it appears to us the application of section 108(c)(2) is appropriate to prevent defendant from losing its right to obtain rulings on its motions for new trial, i.e., to continue the action.

■ Accordingly, we hold that section 108(c)(2) applies to provide a 30-day extension of the time in which a trial court may rule on a motion for new trial, if the automatic stay is in effect while the motion is pending. Inasmuch as defendant obtained a ruling within the 30-day period and filed its notice of appeal within 30 days after notice of ruling, the notice of appeal was timely.[6]

The motion to dismiss is denied.

A petition for a rehearing was denied June 9, 2004, and the opinion was modified to read as printed above.

---

[5] The 30th day, November 23, 2002, was a Saturday, so the time to file the notice of appeal was extended until Monday, November 25. (Code Civ. Proc., §§ 10, 12a, subd. (a).)

[6] We express no opinion as to the propriety of the dismissal with respect to any claims raised by defendant in its cross-complaint. We will consider a motion or request to dismiss such claims if supported by appropriate documentation.