[No. B163108. Second Dist., Div. One. Sept. 29, 2004.]

ECC CONSTRUCTION, INC., Plaintiff and Respondent, v.
OAK PARK CALABASAS HOMEOWNERS ASSOCIATION, Defendant
and Appellant.

COUNSEL

Lascher & Lascher and Wendy Cole Lascher for Defendant and Appellant.

Girardi & Keese, David R. Lira; Law Offices of Aaron B. Booth, Aaron B. Booth; Greines, Martin, Stein & Richland, Martin Stein, Barbara W. Ravitz and Feris M. Greenberger for Plaintiff and Respondent.

OPINION

SPENCER, P. J.—

## INTRODUCTION

Defendant Oak Park Calabasas Homeowners Association appealed from a judgment in favor of plaintiff ECC Construction, Inc. Plaintiff previously moved to dismiss the appeal for lack of jurisdiction, based on an untimely notice of appeal. We held the notice of appeal was timely and denied the motion. (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.* (2004) 118 Cal.App.4th 1031 [13 Cal.Rptr.3d 580].) In our opinion, we "express[ed] no opinion as to the propriety of the dismissal with respect to any claims raised by defendant in its cross-complaint," stating that we would "consider a motion or request to dismiss such claims if supported by appropriate documentation." (*Id.* at p. 1040, fn. 6.)

Plaintiff has now filed a motion to dismiss the appeal as to defendant's claims raised in its cross-complaint. We hold the notice of appeal was timely as to the cross-complaint, and we deny the motion to dismiss.

## FACTS

As stated in our previous opinion, the facts are as follows: "Judgment in this case was entered on August 5, 2002. That same day, plaintiff served notice of entry of judgment. On the following day, August 6, 2002, defendant filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code.

"On August 20, 2002, defendant filed a number of posttrial motions. These included motions for a new trial based on jury misconduct and excessive damages, motions for a new trial on the issue of liability and a motion for judgment notwithstanding the verdict. The hearing on these motions was scheduled for September 13, 2002.

"The trial court stayed the proceedings on August 27, 2002, due to the pending bankruptcy proceedings. On September 24, 2002, defendant filed a motion in the bankruptcy court for relief from the automatic stay under 11 United States Code section 362. The bankruptcy court granted relief on September 26, 2002.

"On September 30, 2002, plaintiff filed notice that the automatic stay had been set aside and defendant's posttrial motions were rescheduled for October 18, 2002. Following a hearing on the motions, the trial court denied the motions for new trial based on jury misconduct and on the issue of liability. It granted the motion for new trial based on excessive damages unless plaintiff consented to a reduction in the amount of damages. It denied the motion for judgment notwithstanding the verdict. Notice of ruling was served on October 24, 2002. Plaintiff consented to a reduction in damages, and an amended judgment on jury verdict was filed on November 15, 2002.

"Defendant filed its notice of appeal on November 18, 2002. The appeal was taken from 'the Judgment entered on August 5, 2002.' Plaintiff filed a motion to dismiss the appeal, claiming the notice of appeal was untimely. Defendant opposed the motion, claiming the time in which to file its notice of appeal was extended due to the bankruptcy stay." (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.*, *supra*, 118 Cal.App.4th at pp. 1034–1035, fn. omitted.)

## DISCUSSION

*Our Previous Opinion*

As we stated in our previous opinion, "The time for taking an appeal is mandatory and jurisdictional. (*UAP-Columbus JV 326132 v. Nesbitt* (1991) 234 Cal.App.3d 1028, 1034 [285 Cal.Rptr. 856].) Failure to file a notice of appeal within the required time period therefore mandates dismissal of the appeal. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]; *Beltram v. Appellate Department* (1977) 66 Cal.App.3d 711, 714 [136 Cal.Rptr. 211].)" (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.*, *supra*, 118 Cal.App.4th at p. 1035.)

■ Notice of entry of judgment was served on August 5, 2002. Under normal circumstances, defendant had 60 days in which to file a notice of appeal (Cal. Rules of Court, rule 2(a)), until October 4, 2002. That time was extended by defendant's filing of the motions for new trial "until the earliest of: [¶] (1) 30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order; [¶] (2) 30 days after denial of the motion by operation of law; or [¶] (3) 180 days after entry of judgment." (*Id.*, rule 3(a).) Under Code of Civil Procedure section 660, the new trial motions were denied by operation of law 60 days after notice of entry of judgment, October 4, 2002, making the trial court's October 18, 2002 ruling on the motions untimely. The time to file the notice of appeal was 30 days after the new trial motions were denied by operation of law (Cal. Rules of Court, rule 3(a)), November 4, 2002. Defendant's notice of appeal was not filed until 14 days later, on November 18, 2002. Absent an extension of time in which to file the notice of appeal resulting from the bankruptcy proceedings, the notice of appeal was untimely. (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.*, *supra*, 118 Cal.App.4th at pp. 1035–1036.)

As we noted, while the filing of a bankruptcy petition operates as an automatic stay of "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding] . . ." (11 U.S.C. § 362(a)(1) (section 362(a)(1))), filing a notice of appeal does not constitute the commencement or continuation of a judicial proceeding within the meaning of this section (*Napue v. Gor-Mey West, Inc.* (1985) 175 Cal.App.3d 608, 618 [220 Cal.Rptr. 799]). Thus, "the filing of the bankruptcy petition and the imposition of the automatic stay did not toll the running of the period of time in which defendant was required to file its notice of appeal." (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.*, *supra*, 118 Cal.App.4th at pp. 1036–1037.)

Defendant claimed its notice of appeal nonetheless " 'was timely by virtue of the automatic extension created by 11 [United States Code section] 108' (section 108)." (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.*, *supra*, 118 Cal.App.4th at p. 1037.) We rejected this claim as to

sections 108(b)[1] and 108(c)(1).[2] (*ECC Construction, Inc., supra*, at pp. 1037–1039.)

We found merit to the claim as to section 108(c)(2), however. We held "that section 108(c)(2) applies to provide a 30-day extension of the time in which a trial court may rule on a motion for new trial, if the automatic stay is in effect while the motion is pending. Inasmuch as defendant obtained a ruling within the 30-day period and filed its notice of appeal within 30 days after notice of ruling, the notice of appeal was timely." (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn., supra*, 118 Cal.App.4th at p. 1040, fn. omitted.)

 Specifically, section 108(c)(2) applied to the time available to the trial court to rule on the motions for new trial, giving it until the later of: (1) 60 days after service of notice of entry of judgment (Code Civ. Proc., § 660), or (2) 30 days after notice of the lifting of the automatic stay (§ 108(c)(2)). Sixty days after service of notice of entry of judgment was October 4, 2002, while 30 days after notice of the lifting of the automatic stay was October 30, 2002. The trial court's ruling on the motions on October 18, 2002, within that 30-day period thus was timely. (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn., supra*, 118 Cal.App.4th at p. 1039.)

Defendant had 30 days after service of notice of ruling on the motions in which to file a notice of appeal. (Cal. Rules of Court, rule 3(a)). Notice of ruling was served on October 24, 2002, giving defendant until November 25, 2002 to file its notice of appeal.[3] Defendant's notice of appeal filed on November 18 thus was timely. (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn., supra*, 118 Cal.App.4th at pp. 1039–1040.)

---

[1] Section 108(b) provides: "[I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period in which the debtor . . . may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—[¶] (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or [¶] (2) 60 days after the order for relief."

[2] Section 108(c) provides: "[I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—[¶] (1) the end of such period, including any suspension of such period occurring on or after commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . ."

[3] The 30th day, November 23, 2002, was a Saturday, so the time to file the notice of appeal was extended until Monday, November 25. (Code Civ. Proc., §§ 10, 12a, subd. (a).)

*The Instant Appeal*

■ The question left unresolved in our previous appeal was whether defendant's notice of appeal was timely as to the claims raised in its cross-complaint. The filing of a bankruptcy petition operates as an automatic stay of "the commencement or continuation . . . of a judicial . . . proceeding *against* the debtor . . . ." (§ 362(a)(1).) It does not stay proceedings on a cross-complaint *by* the debtor. (*Shorr v. Kind* (1991) 1 Cal.App.4th 249, 253–255 [2 Cal.Rptr.2d 192].) It does not toll any limitations period affecting an action *by* the debtor. (See *id.* at pp. 254–255; *Danielson v. ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645, 652–653 [245 Cal.Rptr. 126].)

Plaintiff contends that, under the foregoing principles, the proceedings were not stayed as to defendant's cross-complaint. Absent a stay, the notice of appeal was untimely as to the cross-complaint. (See *ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn., supra,* 118 Cal.App.4th at pp. 1035–1036.)

■ In support of this contention, plaintiff relies on federal law, which states that when a debtor and an adverse party have claims against one another, the claims must be " 'disaggregated,' " and " 'treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.' " (*Parker v. Bain* (9th Cir. 1995) 68 F.3d 1131, 1137; *Maritime Elec. Co., Inc. v. United Jersey Bank* (3d Cir. 1991) 959 F.2d 1194, 1204–1205.) Within a single case, "actions *against* a debtor will be suspended even though closely related claims asserted *by* the debtor may continue. Judicial proceedings resting on counterclaims . . . asserted by a defendant-debtor are not stayed, while same-case proceedings arising out [of] claims asserted by the plaintiff are stayed." (*Maritime Elec. Co, Inc., supra,* at p. 1205.)

For example, in *Parker v. Bain*, the plaintiff-debtor initiated the action, which ultimately involved several parties and counterclaims. The court granted a summary judgment in favor of Pension Plan on its counterclaim against plaintiff-debtor. The court also dismissed plaintiff-debtor's claim against Pension Plan's trustee for lack of standing. At this point, plaintiff-debtor filed his bankruptcy petition. Then he appealed from the summary judgment and the dismissal. (*Parker v. Bain, supra,* 68 F.3d at p. 1133.)

The appellate court stayed the appeal from the summary judgment, in that Pension Plan's counterclaim was an action against the debtor and subject to the automatic stay. (*Parker v. Bain, supra,* 68 F.3d at p. 1137.) The court held that the appeal of the dismissal of plaintiff-debtor's claim against Pension Plan's trustee was not stayed, however, since it involved an action by the debtor. (*Id.* at p. 1138.) It then considered the merits of that appeal. (*Ibid.*)

It is plaintiff's position that, in accordance with federal authority, once the automatic bankruptcy stay went into effect, defendant was required to proceed with its case as to its cross-complaint. That is, it was required to obtain rulings on its motions as to its cross-complaint and file a notice of appeal from the judgment as to the cross-complaint. Section 108(c)(2) did not extend the time in which the trial court could rule on defendant's new trial motions as to its cross-complaint or the time in which defendant could file a notice of appeal as to the judgment on its cross-complaint.

 The problem with plaintiff's position, as defendant points out, is that defendant could not have appealed separately from the judgment as to its cross-complaint, due to the one final judgment rule. Under this rule, "an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties." (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 [29 Cal.Rptr.2d 804, 872 P.2d 143].) Even if the various causes of action are tried separately or can be characterized as independent of one another, there can be no appeal taken until a final judgment that disposes of all causes of action is entered. (*Ibid.*)

 Where a complaint and cross-complaint involving the same parties have been filed, there is no final, appealable judgment until both have been resolved. (*American Alternative Energy Partners II v. Windridge, Inc.* (1996) 42 Cal.App.4th 551, 556–557 [49 Cal.Rptr.2d 686].) Thus, in *American Alternative Energy Partners II*, an order dismissing plaintiffs' complaint was not separately appealable but could be reviewed only on appeal from the final judgment on defendant's cross-complaint. (*Id.* at p. 557.)[4]

Under the one final judgment rule, defendant could not have appealed from the judgment as to the cross-complaint while proceedings remained pending as to the complaint. Defendant could appeal only from a final judgment which resolved both the complaint and the cross-complaint.

 The judgment was not final and appealable as to the causes of action on plaintiff's complaint until October 18, 2002, when the trial court ruled on the new trial motions after the lifting of the automatic stay. Notice of ruling was served on October 24, 2002, giving defendant until November 25, 2002

---

[4] Plaintiff notes in its reply brief that there was a final judgment as to Robert Selan, who was a party to the cross-complaint only. "None of the claims against him were stayed. . . . [Defendant] was not entitled to sit back and wait for a judgment final as to all parties." (Italics omitted.) *Our concern is not whether the judgment is final as to all parties but only whether it is final as to all issues between the parties currently before us.* (*American Energy Partners II v. Windridge, Inc., supra,* 42 Cal.App.4th at pp. 556–557.) Inasmuch as Selan has not filed a motion to dismiss the appeal as to him, we need not concern ourselves with him.

to file a notice of appeal. (Code Civ. Proc., §§ 10, 12a, subd. (a); Cal. Rules of Court, rule 3(a).) Defendant's notice of appeal filed on November 18 was timely as to plaintiff's complaint. (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.*, *supra*, 118 Cal.App.4th at pp. 1039–1040.) Due to the one final judgment rule, it was timely as to the cross-complaint as well.[5]

The motion to dismiss is denied.

Ortega, J., and Mallano, J., concurred.

---

[5] Plaintiff suggests in a footnote that the appeal should be dismissed, in that it was taken from the original judgment, rather than from the amended judgment. Inasmuch as the amendment changed the amount of damages only and did not otherwise alter the bases for defendant's appeal, defendant was required to appeal from the original judgment, not wait for the amended judgment. (*Stone v. Regents of University of California* (1999) 77 Cal.App.4th 736, 743–744 [92 Cal.Rptr.2d 94].)

In any event, a notice of appeal is to be liberally construed in favor of its sufficiency (Cal. Rules of Court, rule 1(a)(2)), and its sufficiency may be upheld if respondents have not been misled or prejudiced thereby (see *Roston v. Edwards* (1982) 127 Cal.App.3d 842, 846 [179 Cal.Rptr. 830]). We may construe defendant's notice of appeal to include the amended judgment, and we do so. Plaintiff does not claim any prejudice will result if we do so.