[No. B230595. Second Dist., Div. Six. Feb. 2, 2012.]

PAUL LEWOW, Plaintiff and Appellant, v.
SURFSIDE III CONDOMINIUM OWNERS ASSOCIATION, INC.,
Defendant and Respondent.

COUNSEL

Susan J. Salehi for Plaintiff and Appellant.

Procter, Slaughter & Reagan, William M. Slaughter and Gabriele M. Lashly for Defendant and Respondent.

OPINION

YEGAN, Acting P. J.—Paul Lewow unsuccessfully appeals from a $292,205.50 attorney fees order in favor of Surfside III Condominium Owners Association (Association). He contends that Association's motion for attorney fees was not timely filed. While the trial court's articulated rationale concerning a bankruptcy stay was erroneous, it reached the correct result. The trial court's use of an unsound course of reasoning is not determinative as long as the result reached is correct. (E.g., *Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216 [70 Cal.Rptr.2d 745].) We conclude that there was good cause to extend the time for filing the attorney fees motion. We will affirm.

### *Factual and Procedural Background*

On February 3, 2010, judgment was entered in favor of Association on appellant's complaint for failure to perform its duties. On February 10, 2010, notice of entry of judgment was mailed to appellant. That same day, appellant filed for relief under chapter 13 of the United States Bankruptcy Code.

Association's counsel prepared a motion for attorney fees pursuant to Civil Code section 1354, subdivision (c). The statute provides: "In an action to enforce the governing documents" of a common interest development, "the prevailing party shall be awarded reasonable attorney's fees and costs." But counsel delayed filing the motion because counsel believed that "any proceedings in the trial court were stayed by the automatic bankruptcy stay."

On July 23, 2010, the bankruptcy proceedings were dismissed. On July 25, 2010, notice of the dismissal was mailed to Association.

Association filed its motion for attorney fees on August 26, 2010, 32 days after the mailing of notice of the bankruptcy dismissal. Appellant objected that the motion was not timely filed. He noted that rule 3.1702(b) of the California Rules of Court provides: "A notice of motion to claim attorney's fees . . . must be served and filed within the time for filing a notice

of appeal . . . ."[1] A notice of appeal must be filed no later than 60 days after the party filing the notice has been served with notice of entry of judgment. (Rule 8.104(a).) Since notice of entry of judgment was served on appellant on February 10, 2010, Association had 60 days from that date—until April 11, 2010—to file its motion for attorney fees. But Association waited until August 26, 2010. Association, on the other hand, argued that the motion was timely filed because "the time to file the motion . . . was tolled during the pendency of the bankruptcy stay."

The trial court accepted Association's argument that the 60-day statutory period was tolled by the bankruptcy stay. The court noted that, "[e]xcluding the time that [appellant's] bankruptcy was pending," the motion was filed within the statutory deadline. Appellant's counsel protested: "There is nothing in the automatic stay that tolls any period, whether it's statutory, whether it's under rules of court, whatever the source of that time frame is." The court awarded Association attorney fees of $292,205.50.

### Discussion

■  Pursuant to section 362(a)(1) of title 11 of the United States Code, the filing of a bankruptcy petition operates as an automatic stay of "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy action] . . . ." (*Ibid.*) But the automatic bankruptcy stay does not toll the running of the 60-day statutory period. "The filing of a bankruptcy petition operates as an automatic stay of 'the commencement or continuation . . . of a judicial . . . proceeding . . . .' (11 U.S.C. § 362(a)(1) . . . .)
■  The running of a statutory time period does not constitute the commencement or continuation of a judicial proceeding within the meaning of this section. [Citation.]" (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.* (2004) 118 Cal.App.4th 1031, 1036–1037 [13 Cal.Rptr.3d 580] (*EEC Construction*).) In *ECC Construction* the appellate court concluded that, "under section 362(a)(1), the filing of the bankruptcy petition and the imposition of the automatic stay did not toll the running of the period of time in which defendant was required to file its notice of appeal. [Citation.]" (*Id.*, at p. 1037, fn. omitted.) Likewise, the automatic stay here did not toll the running of the period of time in which Association was required to file its motion for attorney fees. (See rule 3.1702(b) ["A notice of motion to claim attorney's fees . . . must be served and filed within the time for filing a notice of appeal . . . ."]; March et al., Cal. Practice Guide: Bankruptcy (The Rutter Group 2011) ¶ 3:175, p. 3-26 (rev. # 1, 2011) ["The automatic stay does not toll or suspend the running of statutes of limitations on creditor claims against the debtor."].)

---

[1] All rule references are to the California Rules of Court.

■ Association relies on Code of Civil Procedure section 356. This reliance is misplaced. Section 356 provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." " 'A bankruptcy stay has been held to be a "stautory prohibition" within the meaning of . . . section 356. [Citation.] [¶] . . . Under . . . section 356 . . . the period of time of the automatic stay should not be counted as part of limitation time.' [Citation.]" (*Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 378 [8 Cal.Rptr.3d 907], quoting *Schumacher v. Worcester* (1997) 55 Cal.App.4th 376, 380 [64 Cal.Rptr.2d 1].) *Kertesz* concerned a 10-year statute of limitations for the commencement of an action to enforce a judgment. *Schumacher* concerned a 4-year statute of limitations for the commencement of an action to foreclose a street improvement bond. Here, in contrast, section 356 is inapplicable because Association's motion for attorney fees 3 was not "the commencement of an action" within the meaning of that section. "A statutory fee motion 'does not create a new cause of action . . .' [citation], much less a new 'action.' It is a collateral matter, ancillary to the main cause. [Citations.] It ' "seeks what is due because of the judgment . . . ." ' [Citation.]" (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 636–637 [186 Cal.Rptr. 754, 652 P.2d 985]; see also *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 369 [11 Cal.Rptr.2d 723] ["an award of attorney fees as costs is a collateral matter which is embraced in the action [brought by the plaintiff]"].)

■ Furthermore, Code of Civil Procedure section 356 is not "applicable to statutory time limits other than statutes of limitation. Statutes of limitation, which fix the time within which a suit must be commenced, are to be distinguished from other procedural statutes fixing times to do acts or seek judicial relief. [Citation.]" (*Napue v. Gor-Mey West, Inc.* (1985) 175 Cal.App.3d 608, 616 [220 Cal.Rptr. 799].) Rule 3.1702(b), which fixes the time for filing a motion for attorney fees, falls within the category of "other procedural statutes."[2]

The effect of the automatic bankruptcy stay is set forth in 11 United States Code section 108(c) (section 108(c)), which provides: "[I]f applicable non-bankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—[¶] (1) the end of such period, including any suspension of such period occurring on or after the

---

[2] "The rules have the force of statute to the extent that they are not inconsistent with legislative enactments and constitutional provisions. [Citations.]" (*In re Richard S.* (1991) 54 Cal.3d 857, 863 [2 Cal.Rptr.2d 2, 819 P.2d 843].)

commencement of the case; or [¶] (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . with respect to such claim."

■ Section 108(c)(1) is inapplicable because "[t]he 'suspension' referred to [in that section] is not a result of the automatic [bankruptcy] stay but results from other state or federal law. [Citations.]" (*ECC Construction, supra*, 118 Cal.App.4th at p. 1038; accord, *Inco Development Corp. v. Superior Court* (2005) 131 Cal.App.4th 1014, 1023 [31 Cal.Rptr.3d 872] ["the existence of an automatic stay under . . . section 362 does not trigger the suspension referred to in . . . section 108(c)"]; *Aslanidis v. U.S. Lines, Inc.* (2d Cir. 1993) 7 F.3d 1067, 1073 [reference in § 108(c) to suspension of time limits "merely incorporates suspensions of deadlines that are expressly provided in *other* federal or state statutes"].) No other federal or state statute suspends the running of the 60-day period for filing a motion for attorney fees. "This leaves section 108(c)(2) as the only possible provision under which the time to file a [motion for attorney fees] could have been extended." (*ECC Construction, supra*, 118 Cal.App.4th at p. 1039; see also *Simon v. Navon* (1st Cir. 1997) 116 F.3d 1, 4 [" 'absent such a provision in state law [suspending the running of a statutory period during an automatic bankruptcy stay], a statute of limitations or other deadline for an action against a debtor . . . is extended for only the second period set forth in section 108(c) . . . .' "].)

■ "Section 108(c)(2) would have acted to extend the time to file a [motion for attorney fees] until 30 days after notice of the lifting of the automatic stay, if that date were later than the end of the time period otherwise provided for filing a [motion for attorney fees]." (*ECC Construction, supra*, 118 Cal.App.4th at p. 1039; see also *Inco Development Corp. v. Superior Court, supra*, 131 Cal.App.4th at p. 1025 [" 'The Bankruptcy Code does not provide that a statute of limitations is tolled during the period of bankruptcy. It provides that the action must be commenced within thirty days after notice of the termination or expiration of the stay. *See* 11 U.S.C. § 108(c)(2).' "].)

The 60-day statutory period expired on April 11, 2010, when the automatic stay was still in effect. Thus, the statutory period was extended until 30 days after notice to appellant of the dismissal of the bankruptcy proceedings. Notice was given on July 25, 2010, when it was mailed to Association. (*Inco Development Corp. v. Superior Court, supra*, 131 Cal.App.4th at p. 1024.) Therefore, the time for filing a motion for attorney fees was extended to August 24, 2010. Association filed the motion on August 26, 2010, two days late.

■ But the late filing of the motion for attorney fees does not mean that Association is precluded from recovering its reasonable attorney fees. Rule

3.1702(d) provides: "For good cause, the trial judge may extend the time for filing a motion for attorney's fees . . . ." Rule 3.1702(d) is "remedial" and is to be given a liberal, rather than strict interpretation. (E.g., *Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1382 [109 Cal.Rptr.3d 501] [relief to be granted unless absolutely forbidden].)

■ We reject appellant's contention that a rule 3.1702(d) extension of time must be granted before the expiration of the 60-day period. "The ordinary principles of statutory construction govern our interpretation of the California Rules of Court. [Citations.] Our objective is to determine the drafter's intent." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902 [55 Cal.Rptr.3d 534, 152 P.3d 1109].) If the drafters of rule 3.1702(d) intended that the extension be granted before the expiration of the 60-day period, they would have said so as they did in rule 3.1702(b)(2), which provides: "The parties may, by stipulation *filed before the expiration of the time allowed under (b)(1)* [(the 60-day period)], extend the time for filing a motion for attorney's fees . . . ." (Italics added.) Rule 3.1702(d) contains no such limitation: "For good cause, the trial judge may extend the time for filing a motion for attorney's fees in the absence of a stipulation or for a longer period than allowed by stipulation." ■ "[I]f a statute on a particular subject omits a particular provision, inclusion of that provision in another related statute indicates an intent the provision is not applicable to the statute from which it was omitted. [Citation.]" (*In re Marquis D.* (1995) 38 Cal.App.4th 1813, 1827 [46 Cal.Rptr.2d 198].)

■ Accordingly, for good cause the trial court had the power to extend the time for filing Association's motion for attorney fees. The good cause would have been counsel's mistake of law in believing that the bankruptcy stay tolled the statutory 60-day period. ■ " ' "The issue of which mistakes of law constitute excusable neglect presents a fact question; the determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. [Citation.] Although an honest mistake of law is a valid ground for relief where a problem is complex and debatable, ignorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief." [Citation.]' [Citation.] Thus . . . a mistaken but reasonable decision by [Association's] counsel that [the 60-day period was tolled by the bankruptcy stay] constitutes good cause for the trial court to permit belated [filing of the motion]. Counsel are not expected to be omniscient, as the [drafters] plainly recognized by writing the 'good cause' exception into [rule 3.1702(d)]." (*City of Ontario v. Superior Court* (1970) 2 Cal.3d 335, 346 [85 Cal.Rptr. 149, 466 P.2d 693].)

The issue of whether the bankruptcy stay tolled the 60-day period is complex and debatable. It is understandable that the Association was mistaken. "It is settled that an honest and reasonable mistake of law on such

an issue is excusable and constitutes good cause for relief from default under Code of Civil Procedure section 473. [Citation.]" (*City of Ontario v. Superior Court, supra*, 2 Cal.3d at p. 345.) The trial court acceptance of the Association's tolling argument is tantamount to a finding of good cause based on mistake.

## *Disposition*

The postjudgment order awarding reasonable attorney fees to Association is affirmed. Association shall recover its costs on appeal.

Coffee, J., and Perren, J., concurred.