Filed 3/8/16  Marriage of Vasquez and O'Callahan CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of SEBASTIAN VASQUEZ and KATHERINE O'CALLAHAN. | |
| SEBASTIAN VASQUEZ, | D068565 |
| Respondent, | (Super. Ct. No. DN177331) |
| v. | |
| KATHERIN O'CALLAHAN, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David G.

Brown, Judge.  Affirmed.


Katherine O'Callahan, in pro. per., for Appellant.

No appearance for Respondent.

In this case, the appellant, Katherine O'Callahan, appeals from an order dismissing

her petition for a domestic violence restraining order against respondent, Sebastian

Vasquez, and making a temporary custody order. At the hearing on her petition, O'Callahan testified and was being cross-examined when proceedings were recessed. When the hearing resumed, O'Callahan, though represented by counsel, did not appear, and her cross-examination was not completed. In light of her failure to appear to complete her cross-examination, her previous testimony was stricken. In its findings denying her petition, the trial court stated that, even before it struck her testimony, it found that O'Callahan was not credible. As we explain, given this record we are required to affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

The record in this case indicates that it was initiated as a dissolution proceeding in Humboldt County. After the dissolution proceeding was initiated, on September 25, 2013, O'Callahan filed a petition for a domestic violence restraining order (DVRO) against Vasquez in San Diego County. O'Callahan's petition alleged that Vasquez had committed a number of acts of violence against her during the course of their relationship. The record also shows that while O'Callahan's petition was pending, Vasquez was prevented from having contact with either O'Callahan or their minor son, Kelen.

Because it became apparent O'Callahan and Kelen resided in Humboldt County, and after consultation with the trial court in Humboldt County, the trial court ordered the parties' dissolution action remain in Humboldt County; however, the trial court kept jurisdiction over O'Callahan's DVRO petition. The petition was heard over the course of several days. On May 6, 2014, while O'Callahan was being cross-examined, the trial

2

court indicated that, although the hearing would have to be continued to May 28, 2014, in the interim the court was going to permit contact between Vasquez and Kelen. The trial court stated that it did not find that Vasquez posed any threat to Kelen, and, further, the trial court stated it found that O'Callahan was not a credible witness and that she had been caught in a number of outright lies while on the stand. Proceedings were then recessed, and the parties were instructed that the hearing would resume on May 28, 2014.

Prior to resumption of the hearing, O'Callahan contacted the trial court and inquired whether she could appear telephonically because she indicated it was difficult to travel from Humboldt County. The trial court advised O'Callahan that she could not make a telephonic appearance and that she would have to appear in person at the hearing when it resumed.

On May 28, 2014, when the hearing on O'Callahan's petition resumed, Vasquez appeared with his counsel, and counsel for O'Callahan appeared. O'Callahan did not appear, and her counsel moved to continue the hearing; his motion was denied. In the absence of O'Callahan, whose cross-examination was not complete, the trial court struck her prior testimony and denied her petition, with prejudice. The trial court's order denying the petition stated in pertinent part: "The court found that [O'Callahan's] testimony lacked credibility and found her to be untruthful. The court having considered her testimony and the testimony of the Family Court Services Mediator believed she filed a domestic violence restraining order in an effort to keep [Vasquez] from having custody of the parties' minor child. After considering the testimony presented to the Court and the fact that [O'Callahan] failed to show while she was still subject to cross examination

3

on the witness stand, **the court dismissed her request for a restraining order <u>with prejudice</u>. The court would consider any subsequent filing of restraining order alleging the same facts as res judicata, as the court does not want her filing a restraining order on these facts and circumstances to further interfere with [Vasquez's] right to see the child.**" (Emphasis in original.) In addition to denying O'Callahan's petition for a DVRO, the trial court ordered that the parties share joint legal custody of Kelen, that O'Callahan have physical custody, and that Vasquez have weekend visitation. The trial court expressly found that both parties were given notice of the custody issue and an opportunity to be heard. The trial court's custody order was made subject to modification by the Humboldt County Superior Court. Some months after the trial court's order, O'Callahan moved for a new trial. The trial court did not reach the merits of the motion for a new trial, and O'Callahan filed a timely notice of appeal.[1]

## DISCUSSION

On appeal, O'Callahan, acting in propria persona, challenges the trial court's factual findings with respect to her right to a restraining order, the trial court's power to make a custody order, and her contention that Vasquez interfered, in various ways, with her ability to present her case.

---

[1] The trial court declined to make a ruling on O'Callahan's motion for a new trial because it believed that the DVRO had been transferred to Humboldt County and that it did not have jurisdiction to rule on the motion. The motion was therefore denied by operation of law. (See *ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.* (2004) 118 Cal.App.4th 1031, 1036.)

## I.  Factual Contentions

Although O'Callahan fashions her factual challenge as both a claim the trial court employed an erroneous legal standard, as well as a contention that its order is not supported by substantial evidence, her contentions on appeal suffer from the same defect: there is no evidence in the record that supports her request for relief.

As we have indicated, in light of O'Callahan's failure to complete her cross-examination, the trial court struck her direct testimony.  In doing so, the trial court acted well within its discretion.  (See *Fost v. Superior Court* (2000) 80 Cal.App.4th 735-736.)  The trial court's predicate orders, denying her request to appear telephonically and her counsel's later motion to continue the hearing, were also well within the trial court's discretion.  In this regard, we note that, as the petitioner seeking a restraining order, O'Callahan bore the burden of establishing her right to relief, and, in light of that burden and her previous less than credible testimony, the trial court acted well within the bounds of reason and fairness in requiring her personal appearance on the witness stand to complete her cross-examination; moreover, in light of the fact that the matter had been pending for a number of months, the trial court also acted reasonably in denying counsel's request for a continuance.

Because O'Callahan's direct testimony in support of her petition was stricken, there was no evidence in the record to support her petition.  However, even in the absence of the order striking her testimony, we are bound by the trial court's determination of her credibility, unless its determination was beyond reason.  (*Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 421.).  Nothing in the record undermines the trial court's

5

determination that O'Callahan was not credible, and her failure to complete her cross-examination supports the trial court's credibility judgment. Thus, under no set of circumstances did O'Callahan establish her right to a protective order. Accordingly, we must reject her contentions that the record does not support the trial court's order denying her petition.

## II. Custody Order

The Uniform Child Custody Jurisdiction and Enforcement Act (Fam. Code, § 3400 et seq.) gave the trial court the power to make child custody orders, upon notice and an opportunity to be heard on custody issues. (See Fam. Code, § 3402, subd. (d).) The trial court's finding that both parties had notice and an opportunity to be heard is supported by the record and, in particular, by O'Callahan's own vigorous opposition to Vasquez's request for custody. Thus, the finding is not subject to review based on O'Callahan's contention that she did not receive notice of Vasquez's custody contentions or service of the dissolution action.

## III. Interference

Without any citation to the record, O'Callahan makes a number of factual contentions in support of her argument Vasquez interfered with her ability to present evidence on her own behalf and from third party witnesses.[2] Some of these events allegedly occurred after the trial court ordered that Vasquez be given visitation, but

---

[2] O'Callahan contends that Vasquez and an unnamed friend slashed the tires of her car, burglarized her home, stole money and a firearm, and harassed two witnesses she planned to call.

6

before the DVRO hearing was complete. Without appropriate citations to the record, we are not required to search the record and determine the validity of these contentions. (See *People v. Dougherty* (1982) 138 Cal.App.3d 278, 282-283.) Our unwillingness to search the record more thoroughly in an effort to substantiate O'Callahan's factual allegations is of course informed by our fairly fundamental, although only intermittently discussed, duty to interpret the record in favor of the trial court's order. "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "A fundamental principle of appellate practice is that an appellant ' "must affirmatively show error by an adequate record. . . . Error is never presumed. . . . 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' " ' " (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532, italics omitted.) Thus, it is the appellant's responsibility to include in the appellate record the portions of the record relevant to the issues on appeal. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.)

The fact that O'Callahan is acting in propria persona here does not relieve her of the obligation to provide us with appropriate record citations. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.) Moreover, in the context of this case, for two related reasons we are unwilling to relieve O'Callahan of her procedural obligations: first, the record here is fairly clear that with respect to her relationship with Vasquez and his conduct, the court found O'Callahan is not a credible witness and, on

7

any remand, the trial court would not be likely to credit the factual claims she asserts in her briefs; second, although represented in the trial court, Vasquez has not appeared in this appeal.  Thus, were we to depart from application of the rules of procedure, we would be doing so without the benefit of any argument on his behalf.

## DISPOSITION

The order is affirmed.[3]


BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

---

[3]    Because Vasquez has not appeared in this appeal, we make no award of costs to him.