Filed 5/6/21  Horton v. Horton CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PATRICIA L. HORTON, | |
| Respondent, | G058532 |
| v. | (Super. Ct. No. 18D004359) |
| ERIC HORTON, | O P I N I O N |
| Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, James L. Waltz, Judge.  Dismissed.

Eric Horton, in pro. per., for Appellant.

No appearance by Respondent.

\*          \*          \*

Appellant Eric Horton challenges a trial court's judgment entered in his marital dissolution case. Because his notice of appeal was filed 63 days after the court clerk served him a notice of entry of the judgment, we must dismiss his appeal as untimely. (Cal. Rules of Court, rule 8.104 (a)(1)(A) [normal deadline is 60 days after].)

## I

## FACTS AND PROCEDURAL HISTORY

Eric and Patricia Horton[1] were married in 1994 and in 2012, Patricia filed a petition for divorce. In August 2019, the case came on for a trial to determine the division of the parties' marital and separate assets and liabilities. Both Eric and Patricia appeared in court without counsel, presented evidence, and cross-examined each other.

Eleven days later, the trial court issued its rulings and entered judgment accordingly. Four days later, on September 4, 2019, the court's clerk served Eric a "Notice of Entry of Judgment." (Capitalization omitted; (entry notice).) On November 6, 2009, the 63rd day after the entry notice was served, Eric filed a notice of appeal challenging the court's judgment. In an attachment to his appeal notice, Eric claims he did not receive the entry notice until seven weeks after it was served.

## II

## DISCUSSION

"The time for taking an appeal is mandatory and jurisdictional. [Citation.] Failure to file a notice of appeal within the required time period therefore mandates

---

[1] At all times relevant to this case, petitioner and respondent were husband and wife with a common last name. We therefore refer to the parties by their first names to avoid confusion. No disrespect is intended.

dismissal of the appeal. [Citations.]" (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.* (2004) 118 Cal.App.4th 1031, 1035 (*ECC Construction*).)

Absent the application of other rules not relevant here, a notice of appeal from a judgment must be filed within 60 days of the trial court's clerk serving the appealing party with notice of entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(A).) The *service* of the entry notice is the operative event, not an appellant's receipt of it (Code Civ. Proc., § 1013; *Sharp v. Union Pacific R.R. Co.* (1992) 8 Cal.App.4th 357, 360), and "[s]ervice by mail of a triggering document does not extend the time to file a notice of appeal." (*InSyst, Ltd. v. Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129, 1134.)

As noted, Eric did not file his appeal notice in this case until the 63rd day after he was served the entry notice. Accordingly, we lack jurisdiction to entertain his untimely appeal. (*ECC Construction*, *supra*, 118 Cal.App.4th at p. 1035.) In response to our request for supplemental briefing on the point, Horton asserts, among other claims, that his actual receipt of the entry notice the trial court's clerk mailed was delayed "beyond [two] weeks," his notice of appeal was timely if we count by "working" days instead of calendar days, and this court "capitulated" to entertaining his appeal on the merits. His characterization of this court's position on his untimely appeal is mistaken and none of his assertions alter our conclusion.

### III

### DISPOSITION

The appeal is dismissed.  Respondent is entitled to recover costs on appeal, if any.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.