In re Salvatore W. DiSALVO, Debtor.

Jody DiSalvo, Appellant–
Cross–Appellee,

v.

Salvatore W. DiSalvo, Appellee–
Cross–Appellant.

Nos. 98–56166, 98–56229 and 98–56230.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2000.

Filed July 14, 2000.

Steven Karlton Kop (argued), Michael H. Weiss and Peter N. Scolney, Weiss, Scolney, Spees, Danker & Kop, Los Angeles, California, for appellant (Docket No. 98–56166) and appellee/cross-appellant (Docket Nos. 98–56229 and 98–56230) Salvatore W. DiSalvo.

C. Casey White (argued), Tilem, White & Weintraub, Glendale, California, for appellee (Docket No. 98–56166) and appellant/cross-appellee (Docket Nos. 98–56229 and 98–56230) Jody DiSalvo.

Before: PREGERSON and WARDLAW, Circuit Judges, and SHADUR, District Judge.[1]

1. Honorable Milton I. Shadur, United States District Judge for the Northern District of

SHADUR, District Judge:

These three appeals stem from a shift in the battlegrounds that former spouses Salvatore DiSalvo ("Salvatore") and Jody DiSalvo ("Jody") have chosen for resolution of their disputes, moving from a state domestic relations tribunal to the federal bankruptcy court:

1. In No. 98–56166 Salvatore appeals a May 15, 1998 decision of this Circuit's Bankruptcy Appellate Panel ("BAP") reported at 221 B.R. 769 (cited "BAP I at ___," omitting the B.R. volume number) that (a) had reversed a Bankruptcy Court judgment extinguishing a $100,000 debt that Salvatore owed to Jody and (b) had remanded the action to the Bankruptcy Court for reconsideration of the attorneys' fees that had been awarded to Salvatore as a prevailing party there.

2. In No. 98–56229 Jody appeals the portion of a June 11, 1998 BAP decision reported at 224 B.R. 763 (cited "BAP II at ___," also omitting the B.R. volume number) that had reversed the Bankruptcy Court's dismissal of Salvatore's abuse of process claim against Jody.

3. In No. 98–56230 Salvatore crossappeals the portion of the BAP II decision that had affirmed the Bankruptcy Court's dismissal of Salvatore's claim against Jody for an assertedly tortious violation of Cal.Code Civ. Proc. § 726(a)("Section 726(a)").

We have jurisdiction over the appeals under 28 U.S.C. § 158(d), and we reject Salvatore's position in all three appeals for the reasons stated in this opinion.

*Background*

When the dust settled in the parties' divorce proceeding in 1990, the Judgment of Dissolution included an equalizing award of $100,000 in Jody's favor, evidenced by a $100,000 note and secured by a trust deed on the spouses' former marital residence (which Salvatore retained). Bad blood obviously continued to mar the parties' relationship (or lack of it), and when Salvatore failed to make any payments on the note Jody's attorneys engaged in several efforts looking to collect it: a writ of execution seeking to levy on Salvatore's assets, an application to compel him to appear at a judgment debtor's examination, an earnings withholding order seeking to garnish his wages, a levy on his bank account and an attempted appointment of a receiver to take possession of the stock in his insurance agency. All of those efforts resulted in the collection of the grand sum of $83, but conspicuous by its absence was any effort by Jody to foreclose under the trust deed.

Because Salvatore considered that Jody's attempt to get the receiver appointed for his business threatened his livelihood, he sought shelter in a Chapter 11 bankruptcy filing, in which he served as debtor-in-possession. Jody then brought an adversary proceeding to have the $100,000 indebtedness declared nondischargeable, but that proceeding resulted not only in her loss of that contention but in the actual extinguishment of both the security interest in the real estate and, indeed, the $100,000 debt itself. Jody's appeal of the latter determination by the Bankruptcy Court was successful,[2] for BAP I at 775 held that "extinguishing the debt would be so severe as to be punitive and would result in a windfall to debtor," so that (*id.*):

> The bankruptcy court's sanction of extinguishing the debt was an abuse of discretion.

Meanwhile Salvatore, wearing his debtor-in-possession hat, brought an action claiming that the prepetition efforts of Jody and her lawyers[3] to collect on the

---

Illinois, sitting by designation.

**2.** As BAP I at 774 n.9 reflects, Jody did not challenge her loss of the security interest in the real estate.

**3.** Jody's lawyers are not parties to the present appeal.

**1038**

$100,000 debt had constituted an abuse of process and that Jody's efforts had also amounted to a tortious violation of Section 726(a), the California statutory "one-action rule" that requires a creditor whose debt is secured by a real property trust deed to proceed first against the security before seeking to enforce the debt against the debtor personally. Although the Bankruptcy Court dismissed both of Salvatore's claims as barred on claim preclusion grounds (using the older vocabulary of res judicata [4]), BAP II reversed that ruling in part, holding that Salvatore's abuse-of-process claim remained viable but that his claim grounded in Section 726(a) was not sustainable in substantive terms.

Because our ruling on the BAP II issues also impacts in material part on the appropriate resolution of the BAP I appeal, we turn first to the questions posed by the BAP II decision. We then address the BAP I issues.

*Appeal Nos. 98–56229 and 98–56230*

■ In his effort to sustain both of his adversary claims against Jody, Salvatore seeks to invoke the familiar concept embodied in Restatement (Second) of Judgments § 36(2)(1980):

> A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.

As Salvatore would have it, Jody's action seeking to have his $100,000 obligation held nondischargeable targeted him individually (an unexceptionable proposition), while by contrast the claims that he asserted against Jody had to be prosecuted on behalf of the Chapter 11 bankruptcy estate-in Salvatore's capacity as debtor-in-possession, not in his individual capacity. That being so, Salvatore says, the fact that

the nondischargeability lawsuit was litigated to judgment does not bar his two claims against Jody on preclusion grounds.

Although the proposition that the claims against Jody had to be (and were) asserted by Salvatore as debtor-in-possession is equally unexceptionable, that does not aid Salvatore in the special environment of bankruptcy-related litigation. Though speaking in a somewhat different context, the Supreme Court has explained in *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 528, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984) that in the Chapter 11 context a debtor and debtor-in-possession are *not* to be treated as separate legal entities:

> Obviously if the [debtor-in-possession] were a wholly "new entity," it would be unnecessary for the Bankruptcy Code to allow it to reject executory contracts, since it would not be bound by such contracts in the first place. For our purposes, it is sensible to view the debtor-in-possession as the same "entity" which existed before the filing of the bankruptcy petition, but empowered by virtue of the Bankruptcy Code to deal with its contracts and property in a manner it could not have done absent the bankruptcy filing.

We have said much the same thing (again, to be sure, in a somewhat different context) in speaking of the action of a debtor-in-possession paying a prepetition obligation of the debtor (*In re Teerlink Ranch Ltd.,* 886 F.2d 1233, 1236 (9th Cir.1989)):

> Consequently, TRL as debtor in possession paying the debt of TRL incurred prior to bankruptcy does not put itself in the position of one who pays another's debt and thereby gets an assignment of the debt he paid. TRL is still the same old debtor satisfying the same old debt.

What really drives the final nail into the coffin of Salvatore's effort to avoid the impact of claim preclusion is the provision

---

**4.** In part because of the tendency in some authorities to use "res judicata" as a generic term encompassing both claim preclusion and issue preclusion, we prefer to employ the more precise claim preclusion terminology (see *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)).

of Bankruptcy Rule 6009 that gives its blessing to the same concept that was voiced in such cases as *Bildisco* and *Teerlink.* Bankruptcy Rule 6009 expressly authorized Salvatore, while having been sued in the nondischargeability litigation as an individual, to proceed in that litigation as debtor-in-possession as well. As the Seventh Circuit has recently said on that score in *Cable v. Ivy Tech State College,* 200 F.3d 467, 472 (7th Cir.1999)(emphasis in original, and citations omitted):

> In [Chapter 7] liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate. The same cannot be said for trustees under the reorganization chapters. In those regimes, the debtor has express authority to sue and be sued. Bankruptcy Rule 6009, which applies to Chapters 7, 11 and 13, directs that "[w]ith or without court approval, *the trustee or debtor in possession* may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Fed. R. Bankr.P. 6009 (emphasis added). [T]he Chapter 13 debtor has been considered analogous to Chapter 11, which grants the debtor full authority as representative of the estate typical of a trustee. See 11 U.S.C. § 1107.

In this instance Salvatore did exactly that, for he responded to Jody's nondischargeability action not only with a vigorous defense based on the claimed dischargeability of the $100,000 debt, but also with a direct attack (which was successful at the Bankruptcy Court level) that asserted the extinguishment of the debt itself.

In light of Bankruptcy Rule 6009 and the language of the cited decisions, there is no room for argument on Salvatore's part that he was able to (and did) pursue cer-

tain rights as debtor-in-possession in the nondischargeability litigation, but that he could not advance the debtor-in-possession's abuse of process and Section 726(a) claims against Jody in the same forum. Because every other element of claim preclusion is indisputably present, we apply that doctrine (1) to reverse the BAP I decision upholding the viability of the abuse of process claim and (2) to affirm the BAP rejection of Salvatore's tort claim grounded in Section 726(a).[5]

*Appeal No. 98–56166*

■ Because the issue of the extinguishment of Salvatore's $100,000 obligation to Jody (an issue on which Salvatore had prevailed before the Bankruptcy Court, but then lost in BAP II) was actively contested before us, we had made the natural assumption that the issue involved a real money stake as between the litigants. After all, Salvatore's Chapter 11 plan of reorganization called for the payment of 100 cents on the dollar on all of his prepetition debts, so that if the $100,000 note fell into that category Jody would have been entitled to payment in full. And nothing in the parties' briefs on this appeal suggested anything else.

To our surprise, then, we learned in response to our questioning during oral argument that such was not the case-that instead Salvatore's Chapter 11 plan had not only been confirmed but had been fully implemented. With Salvatore having been discharged from bankruptcy and the appeal time from that final discharge having run, the $100,000 debt is no longer an enforceable obligation in any event. Jody's counsel therefore apprised us that if we were to uphold the BAP decision the $100,000 "debt" would become relevant and available to Jody *only* as an offset against any obligations that she might still owe to Salvatore, not as the source of any affirmative right on Jody's part to collect

---

**5.** We therefore need not address the substantive viability or nonviability of either of those claims.

the money-and Salvatore's counsel confirmed that posture when we inquired of him.

Because the preceding section of this opinion has already rejected Salvatore's only potential claims against Jody, any declaration as to the status of the $100,000 obligation could have no effect. That is the essence of mootness, and we therefore dismiss as moot the portion of Salvatore's appeal that asks us to review BAP I's reversal of the Bankruptcy Court's judgment in Salvatore's favor as to the nonextinguishment of the $100,000 indebtedness.

 That also signals the appropriate disposition of the other aspect of BAP I, which had remanded to the Bankruptcy Court the issues relating to Salvatore's possible right to an award of attorneys' fees (initially the Bankruptcy Court had awarded $50,000 to Salvatore in that respect). Even apart from any question as to his substantive entitlement to a fee award in any event, there is no way in which Salvatore may fairly be viewed as a prevailing party in the litigation between the parties, for (1) the $100,000 indebtedness would not have survived under the BAP decision in any case, even had the appeal on that subject not been dismissed here for mootness (because it made no real-world difference) and (2) Salvatore has lost his ability to pursue Jody on either of his claims. We therefore vacate both the portion of the Bankruptcy Court's decision that had awarded attorneys' fees to Salvatore in the first instance and the portion of the BAP decision that had then remanded that issue to the Bankruptcy Court for redetermination.

### Conclusion

We AFFIRM the BAP II decision addressed in Appeal No. 98–56230 and REVERSE the BAP II decision addressed in Appeal No. 98–56229, in the latter respect restoring the Bankruptcy Court's dismissal of Salvatore's abuse of process claim against Jody. As to Appeal No. 98–56166, we dismiss as moot the appeal from the BAP I decision as to the continued enforceability of Salvatore's $100,000 debt to Jody, and we vacate the orders of both the Bankruptcy Court and BAP providing for any attorneys' fee award in Salvatore's favor.