Filed 5/7/21  Bauman v. Wells Fargo Bank CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

JORDANA BAUMAN,

    Plaintiff and Appellant,

    v.

WELLS FARGO BANK, N.A.,

    Defendant and Respondent.

D076767

(Super. Ct. No. 37-2019-00013452-CU-OR-CTL)

APPEAL from a judgment of the Superior Court of San Diego County, Ronald F. Frazier and Eddie C. Sturgeon, Judges.  Affirmed.

Jordana Bauman, in pro. per., for Plaintiff and Appellant.

Severson & Werson and Jan T. Chilton; Severson & Werson and Kerry W. Franich, for Defendant and Respondent Wells Fargo Bank, N.A.

INTRODUCTION

Plaintiff Jordana Bauman (Bauman) filed two lawsuits against defendant Wells Fargo Bank, N.A. (Wells Fargo), both arising from loans made in 2007, secured by deeds of trust on Bauman's condominium in

San Diego: a first lien of $100,000 and a home equity line of credit of $225,000. This case involves the foreclosure on the second lien securing the line of credit. Bauman filed this lawsuit in 2019 after Wells Fargo foreclosed on the property and purchased it at a trustee's sale. The other lawsuit now on appeal, *Bauman v. Wells Fargo*, case No. D076781, was filed in 2018 and raised various causes of action based on the premise that the loans were never funded in 2007.

The parties did not move to consolidate these appeals, but Bauman treats this appeal as if it were consolidated with case No. D076781. She states that this appeal "is essentially a summary of related appeal 76781," and that most of the issues to be raised in this appeal were raised in D076781. She states that she therefore did not repeat the issues she raised in D076781, and instead provides six "presumptions" and "a summary of all issues for both cases."

We have reviewed each appeal individually. We affirm this case, as we affirm case No. D076781.

BACKGROUND

In 2006, Bauman purchased a condominium on Albatross Street in San Diego. In 2007 she obtained a home equity line of credit, secured by a deed of trust on the property, from Wells Fargo's predecessor in interest, World Savings Bank. World Savings was forced to close, and its assets and liabilities were taken over by Wachovia. Wachovia in turn was decertified and it was merged into Wells Fargo.

Bauman claims that the loan was never funded, but that she nonetheless made payments on the loan from 2007 through April 2011. She made no payments after May 1, 2011.

2

A trustee's sale was held on March 4, 2019, after a notice of default and notice of trustee's sale were recorded, and after stays caused by Bauman's bankruptcy proceedings. Wells Fargo purchased the property at the foreclosure sale.

Bauman filed this complaint on March 13, 2019. Wells Fargo answered and moved for judgment on the pleadings. It requested judicial notice of recorded documents and the dockets of Bauman's bankruptcy proceedings. The court granted Wells Fargo's motion for judicial notice and granted judgment on the pleadings without leave to amend. It then entered a judgment of dismissal.

DISCUSSION

I

STANDARD OF REVIEW

It is Bauman's burden to show that the trial court committed an error that justifies reversal of the judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "We are not bound to develop appellants' arguments for them" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone & Fyke*)) or "to examine undeveloped claims" (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 (*Paterno*)).

We review a trial court's decision on a motion for judgment on the pleadings de novo, because, like a demurrer, a motion for judgment on the

3

pleadings tests the legal sufficiency of the complaint, accepting as true the factual allegations in the complaint. (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777 (*Harris*).) We review the court's result and not its reasoning. (*Martinez v. San Diego County Credit Union* (2020) 50 Cal.App.5th 1048, 1059 (*Martinez*).) As with a demurrer, we accept as true all properly alleged material facts, but not deductions, contentions and conclusions of law or fact. (*Ibid.*) We disregard allegations that are contrary to facts judicially noticed. (*Intengan v. BAC Home Loans Servicing L.P.* (2013) 214 Cal.App.4th 1047, 1052 (*Intengan*).)

We review and respond to Bauman's presumptions and issues of law but we do not develop arguments on her behalf. (*Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830; *Paterno*, *supra*, 74 Cal.App.4th at p. 106.)

## II

## PRESUMPTIONS

In arguments that clearly overlap issues raised in case No. D076781, Bauman raises what she calls six "presumptions" that she contends require reversal of the judgment. We conclude the arguments have no merit.

A. *Bankruptcy Does Not Toll Statute of Limitations for Claims by Debtors Against Others*

Bauman's first "presumption" is that her multiple bankruptcy proceedings between 2010 and 2018 tolled the statute of limitations for her claims against Wells Fargo.

The automatic stay of bankruptcy applies only to actions *against* the debtor. Bankruptcy filings do not stay actions *by* the debtor against others. (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.* (2004) 118 Cal.App.4th 1031, 1037, fn. 3 (*ECC Construction*); *In re Palmdale Hills Property, LLC* (9th Cir. 2011) 654 F.3d 868, 875.) Thus, Bauman's causes of

4

action against Wells Fargo were not prevented or tolled by the bankruptcy cases that Bauman filed.

B. *Trustee's Alleged Refusal to Sue Did Not Excuse Bauman*

Bauman's second "presumption" is that she was prevented from filing a timely complaint because, although she asked the bankruptcy trustee for permission to sue Wells Fargo, the trustee refused.

However, Bauman could have, but did not, ask the bankruptcy court to order the trustee to abandon the estate's causes of action against Wells Fargo so that she could pursue that action in state court. (*Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR02211* (9th Cir. 2006) 443 F.3d 1172, 1176 (*Spirtos*) [court may order the trustee to abandon any property of the estate upon request by debtor]; *Danielson v. ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645, 656 (*Danielson*) [debtor can force trustee to prosecute action or abandon it to debtor].)

Further, we note the trustee has exclusive control over the debtor's causes of action only in chapter 7 cases, and not in chapter 13 cases. A chapter 13 debtor has standing to sue outside the bankruptcy court. (*Kelsey v. Waste Management Co. of Alameda County* (1999) 76 Cal.App.4th 590, 595 (*Kelsey*).) In chapter 13 cases, " 'the debtor [has] full authority as representative of the estate typical of a trustee,' " and has standing to prosecute any of his or her causes of action. (*In re DiSalvo* (9th Cir. 2000) 219 F.3d 1035, 1039 (*DiSalvo*); *Kelsey*, at p. 595.) The bankruptcy dockets show that Bauman was in chapter 7 proceedings for two years or less. Bauman had standing to sue while she was in chapter 13 proceedings. (*Kelsey*, at p. 595.) Tolling of two years was not sufficient to make her complaint timely.

C. *Waiver of Statute of Limitations*

Bauman's third "presumption" is that based on a waiver clause in the deed of trust, Wells Fargo waived the statute of limitations for actions. However, the waiver alleged by Bauman binds only her, the borrower, and not the lender. Bauman cites the waiver clause from the 2007 deed of trust, that states, "*I* will waive, within applicable law, the pleading of the statute of limitations *as a defense to enforce* this Security Agreement . . . ." "I" refers to the borrower, Bauman, pursuant to the terms of the deed of trust. The waiver did not bind Wells Fargo or its predecessors.

D. *New Issues on Appeal*

Bauman's fourth "presumption" is that she can raise new issues for the first time on appeal.

Because review of a judgment on the pleadings tests the legal sufficiency of the complaint, an appellant may raise a new theory of law based on undisputed facts on appeal. (*Bocanegra v. Jakubowski* (2015) 241 Cal.App.4th 848, 857.) An appellant may also propose amendments on appeal to show that the trial court abused its discretion in failing to grant leave to amend. (*People ex rel. Brown v. Powerex Corp.* (2007) 153 Cal.App.4th 93, 112 (*Brown*).) To do so, however, the appellant must state the specific proposed amendments and supporting legal authority. (*Ibid.*; *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43–44 (*Rakestraw*).) Bauman has not proposed any amendments that she could add that would support a valid cause of action.

E. *Statement of Grounds for Order*

Bauman proposes in her fifth "presumption" that we should not presume the court's decision was correct because the court refused to issue a statement of decision after her request it do so.

6

The record reflects Bauman requested a statement of decision pursuant to Code of Civil Procedure section 632, which applies to a trial of facts by the court.  Code of Civil Procedure section 632 is not applicable here because the court made no findings of fact.

For a demurrer and the analogous judgment on the pleadings, a court is required to "include in its decision or order a statement of the specific ground or grounds upon which the decision or order is based."  (Code of Civ. Proc., § 472d.)  The court did not state its reasons here.  Neither the tentative ruling, the minute order, nor the judgment state the specific grounds on which judgment on the pleadings was granted.  The error is harmless, however, because we assume the allegations of the complaint are true, except where contradicted, and we review the ruling de novo.  (*Harris*, *supra*, 59 Cal.4th at p. 777; *Intengan*, *supra*, 214 Cal.App.4th at p. 1052.)

F.  *Leave to Amend*

Bauman's sixth "presumption" is a summary arguing that we should reverse with directions to grant leave to amend.  As we note above, Bauman has not spelled out proposed amendments that would state a cause of action against Wells Fargo.

III

SPECIFIC RULINGS

Bauman presents a summary of the rulings from which she is seeking review.  We briefly address each.

A.  *Bankruptcy Stay*

Citing *Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 378 (*Kertesz*) Bauman contends that the statute of limitations should have been tolled by her bankruptcy proceedings.  *Kertesz* discussed tolling due to bankruptcy of actions *against* the debtor, not actions *by* the debtor, as here.  As we have

7

noted, bankruptcy filing does not stay the debtor from pursuing his or her claims against others. (*ECC Construction, Inc.*, *supra*, 118 Cal.App.4th at p. 1037, fn. 3.)

B. *Waiver of Statute of Limitations*

Bauman contends Wells Fargo waived the statute of limitations in the deed of trust, as discussed *ante*. Again, as we have noted, the waiver provision applied only to the borrower, Bauman.

C. *Trustee's Refusal to Prosecute*

Bauman urges reversal based upon the refusal of the bankruptcy trustee to prosecute an action against Wells Fargo. She asserts this tolled the statute of limitations. As we have noted, Bauman could have asked the court to order the trustee to abandon Bauman's claims against Wells Fargo so that she could pursue them on her own behalf. (*Danielson*, *supra*, 199 Cal.App.3d at p. 656; *Spirtos*, *supra*, 443 F.3d at p. 1176.)

Moreover, as we have noted, Bauman was in chapter 7 proceedings for no more than two years. Even if that time tolled the statute, only two out of the eight years were tolled between 2010, when she started filing bankruptcy cases, and 2018 when she filed her complaint. Two years of tolling were not enough to make her claims timely. Bauman had standing to pursue this litigation during the chapter 13 proceedings, as discussed *ante*. (*Kelsey*, *supra*, 76 Cal.App.4th at p. 595; *DiSalvo*, *supra*, 219 F.3d at p. 1039.)

D. *Denial of Jurisdiction*

Bauman contends that a dismissal based on the statute of limitations "is a denial of jurisdiction and is not a prejudicial dismissal." In support of this contention Bauman cites *Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, and *People v. McGee* (1934) 1 Cal.2d 611, overruled in *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 374. Neither

case supports her theory. In *Gutkin*, the court held that a plaintiff's voluntary dismissal of his complaint deprived the appellate court of jurisdiction to review rulings made before the dismissal. (*Gutkin*, at p. 975.) The court in *People v. McGee* stated that parties to a civil action could waive the statute of limitations, but in criminal cases the court has no power to act after the statute of limitations for the crime has run.[1] (*McGee*, at pp. 613–614.) Bauman has not provided legal authorities that support her argument. We reject her conclusory arguments. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

### E. *Res Judicata*

Bauman next argues that the ruling in *Bauman v. Wells Fargo*, case No. D076781, does not operate as res judicata in this case. Bauman provides no record citation showing that the trial court based its ruling on res judicata. Even if the court did, we do not assess the court's reasoning. (*Martinez*, *supra*, 50 Cal.App.5th at p. 1059.)

We do not rely on res judicata. Our opinion is largely based on the same authorities that support our opinion in case No. D076781 because of the overlap of issues. We have not relied on our ruling in that case, however. We have addressed this case individually.

### F. *Conversion*

Bauman stated a cause of action for conversion, alleging that by means of its foreclosure sale, Wells Fargo wrongfully took her power to sell the property. She asserts the statute of limitations does not bar this claim because the allegedly wrongful foreclosure sale occurred in 2019.

---

[1] *Cowan* overruled *McGee* on this point, holding that the statute of limitations in criminal cases is not jurisdictional and that a defendant may waive the statute. (*Cowan*, at p. 374.)

Bauman has not stated a conversion claim and cannot state one based on the sale of her property, because "[t]he tort of conversion applies to personal property, not real property." (*Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1295; see *Munger v. Moore* (1970) 11 Cal.App.3d 1, 7 ["conversion is a tort that may be committed only with relation to personal property and not real property"].)

Bauman has failed to "present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.]" (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

G. *Dismissal of Other Defendants*

Bauman claims the court acted improperly by dismissing other defendants from this case. We cannot assess this claim as Bauman has provided no citations to the record that can lead us to determine the basis for the decision. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.) In the absence of supporting citation or a record, we presume " 'that the court knew and applied the correct statutory and case law' and applied them to the facts in this case." (*In re Marriage of Winternitz* (2015) 235 Cal.App.4th 644, 653–654; see also Evid. Code, § 664 [presumption that duty was regularly performed].)

H. *Tentative Decision*

Bauman contends the court denied her due process by "hiding" its tentative decision to dismiss the case. Again, she provides no record citations or legal authority supporting her allegation. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

10

The tentative ruling for judgment on the pleadings is dated the same day as the minute order for the hearing, August 23, 2019. It states the motion for judgment on the pleading would be granted but does not state the grounds for that decision. Earlier access to the tentative decision would not have assisted Bauman. Further, she could have requested a statement of grounds for the ruling at the hearing. (See Code Civ. Proc. § 472d.)

We see no harm even if error occurred. As noted above, we review the result and not the reasoning of the trial court. (*Martinez*, *supra*, 50 Cal.App.5th at p. 1059.) Bauman has not shown any error in the court's decision even though she has now had time to research and prepare points and authorities supporting her claim.

I. *Opposition to Unfair Competition Law (UCL) Claim*

Bauman next contends that the court "improperly raised for the bank an opposition to her UCL claim that the bank did not seek in its initial motion (not until reply which is too late)." No record citations support her allegation. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

The court could dispose of the UCL claim on any valid legal basis that was applicable. Further, Bauman has not shown any support for her UCL claim, either in the motion for reconsideration that she filed or here on appeal. Any possible error was harmless.

J. *Leave to Amend*

The next argument raised by Bauman is her claim that the court failed to explain why it refused to consider her proposed amendments to her complaint. She does not explain what facts she would state upon amendment and does not provide legal authority supporting proposed amendments. (*Brown*, *supra*, 153 Cal.App.4th at p. 112; *Rakestraw*, *supra*, 81 Cal.App.4th at pp. 43–44.) Bauman has not demonstrated error.

11

K. *Continuances*

Bauman asks for an order directing the court to allow additional continuances due to her disability.  Trial courts have discretion in controlling their calendars and other courtroom procedures.  (See *Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1396.)  This issue is moot, in any event.

L. *Quiet Title*

Bauman also asks for an order directing the trial court to explain why her quiet title claim was dismissed, without providing legal analysis, authority, or any discussion of the quiet title claim.  This conclusory claim of error fails.  (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

DISPOSITION

Bauman has not satisfied her burden of showing the court erred in granting judgment on the pleadings without leave to amend.

The judgment is affirmed.  Costs on appeal to be awarded to defendant Wells Fargo.


BENKE, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.

12