Filed 7/3/13  Williams v. Meyer CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CHRISTINA WILLIAMS,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>ROGER MEYER,<br><br>  Defendant and Appellant. | 2d Civil No. B243491<br>(Super. Ct. No. 56-2009-00357893-<br>CU-OR-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING<br>REHEARING (NO CHANGE IN JUDGMENT) |

THE COURT:

        IT IS ORDERED that the opinion filed herein on June 4, 2013, be modified as follows:

        1.  On page 5, second line from the top of the page, following the sentencing ending with "disturb.", add the following text:

        (Accord, *Gunlock Corp. v. Walk on Water, Inc.* (1993) 15 Cal.App.4th 1301, 1304 ["'a trial court has broad discretion in allowing relief from a late filing [seeking attorney's fees under the predecessor to Rule 3.1702(b)(1)] where . . . there is an absence of a showing of prejudice to the opposing party'"].)

        There is no change in the judgment.

        Plaintiff and Appellant Williams's petition for rehearing is denied.

Filed 6/4/13 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CHRISTINA WILLIAMS,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>ROGER MEYER,<br><br>   Defendant and Appellant. | 2d Civil No. B243491<br>(Super. Ct. No. 56-2009-00357893-<br>CU-OR-VTA)<br>(Ventura County) |

In their appeals, Christina Williams (Williams) and Roger Meyer (Meyer) each challenge the trial court's award of attorney fees under Civil Code section 1717.[1]  We reject their challenges.  However, we remand so the trial court may consider whether to grant Williams's request for an offset.

*FACTS AND PROCEDURAL HISTORY*

Since 2000, Williams has been the sole owner of a home in Newbury Park, California.  In 2008, she and her estranged husband cosigned a promissory note and deed of trust for a $35,000 loan from Meyer secured by her home (First Note).  A few months later, Williams's husband signed a second promissory note and deed of trust for a $143,775 loan from Meyer, also secured

---

[1] Unless otherwise indicated, all statutory references are to the Civil Code.

by Williams's home (Second Note). Williams had no knowledge of the second loan or deed of trust. Both notes have attorney fees provisions.

Williams sued Meyer to invalidate both notes. Among other things, she alleged that the First Note had a usurious interest rate and that her husband had repaid the note in full through his labor, entitling her to reconveyance of the deed of trust. She further alleged that Meyer's recording of the Second Note constituted a slander of her title to the home that had clouded title, causing her to be ineligible for refinancing to a lower interest rate and to incur attorney fees. Meyer counter-sued, alleging that Williams breached and committed fraud with regard to the Second Note.

On the eve of trial, the parties effectively settled their dispute over the First Note by stipulating to (1) reduce the face amount of that note from $35,000 to $33,450; (2) lower the interest rate from 12.99 percent to 7 percent; and (3) reset the accrual date for interest from December 2008 to June 2009. Following a two-day bench trial, the trial court ruled that Meyer had slandered the title to Williams's home and awarded her $29,639 in damages due to lost refinancing opportunities. The final judgment stated that Williams was "the prevailing party . . . entitled to her costs." Williams then filed an unopposed cost bill seeking $7,121.75, and asked the trial court to offset her damages award and costs against the First Note's outstanding balance.

The parties filed cross-motions for attorney fees. The trial court analyzed each Note separately. As to the First Note, the court ruled that Meyer had prevailed because Meyer was still to receive $33,450 on the $35,000 note. The court awarded Meyer $43,750 in attorney's fees under section 1717. As to the Second Note, the court ruled that Williams was the prevailing party and awarded her $122,500 in attorney fees as an element of her damages for slander of title and under section 1717.

2

*DISCUSSION*

I. *Attorney's Fees Award on the First Note*

A. *Prevailing Party*

Williams contends that the trial court erred in concluding that Meyer (rather than she) was the prevailing party as to the First Note. Section 1717 authorizes the award of attorney fees to "the prevailing party on [a] contract" if the contract "specifically provides" for such fees. (*Id.*, subd. (a).) The "party prevailing" is statutorily defined as the "party who recovered a greater relief in the action on the contract." (*Id.*, subd. (b)(1).) It is determined by "compar[ing] the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statement and similar sources." (*Hsu v. Abarra* (1995) 9 Cal.4th 863, 876.) Except where one party "obtains a 'simple, unqualified win'" (*id.* at p. 877), the trial court has "wide discretion" to decide who is deemed the "prevailing party." (*Cussler v. Crusader Entertainment LLC* (2012) 212 Cal.App.4th 356, 366). This decision will not be upset unless the trial court "'act[ed] in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.'" (*Ibid.*, quoting *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 602, 615-616.)

Williams asserts that she prevailed on the First Note because she obtained all the relief she sought—namely, reformation of the note's usurious interest rate. Williams certainly prevailed in this aspect of her action. But when Williams agreed to pay $33,450 of the $35,000 note, *Meyer* largely prevailed on Williams's broader claim that the note was already paid off through her husband's labor. Where each party prevails on different aspects of a claim, the trial court may name as the prevailing party the party who prevailed on the "most important" issue. (*Silver Creek, LLC v. BlackRock Realty Advisors, Inc.* (2009) 173 Cal.App.4th 1533, 1540.) Williams contends that the "most important" issue

3

was her usury claim because her victory on this issue effectuated the constitutional prohibition against usury. (Cal. Const., art. 15, § 1.) Whether or not the substantive basis for a claim bears on its importance for purposes of section 1717, the trial court did not abuse its discretion in focusing on the relief sought and obtained, and in concluding that the continued validity of over 95 percent of the note's value was more important than reduction in the note's interest rate.

Williams also contends that the trial court's declaration, in the final judgment, that *she* was the "prevailing party" on the First Note precludes its contrary conclusion in the attorney's fees order. This argument mixes apples and oranges. The "prevailing party" for purposes of assessing *costs* is not necessarily the same as for *attorney fees* under section 1717 because the governing statutes use different standards. Courts awarding attorney's fees under section 1717 look to who obtained the "greater relief" as to each contract, while courts awarding costs look to who obtained a "net monetary recovery" in the "overall action." (See *Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1142-1143; *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 239 (*Barnhart*); see also Civ. Proc. Code, § 1032.) There is no inconsistency in the trial court's rulings.

B. *Timeliness*

Williams alternatively contends that Meyer's request for attorney fees on the First Note was four days late and therefore untimely under California Rules of Court, rule 3.1702 (b)(1). The parties brought this issue to the trial court's attention, and the court nonetheless considered Meyer's request on its merits. Trial courts have the authority to grant extensions of rule 3.1702's deadline for "good cause"; they may do so implicitly and even after the deadline has run. (*Lewow v. Surfside III Condominium Owner Ass'n., Inc.* (2012) 203 Cal.App.4th 128, 135.) The trial court's decision to rule on the merits,

notwithstanding the untimeliness brought to its attention, constitutes an implicit finding of "good cause" that we have no basis to disturb.

## II. *Attorney's Fees Award on the Second Note*

Meyer challenges as legally unfounded the trial court's grant of attorney fees on the Second Note. Meyer asserts that Williams cannot collect fees under section 1717 because she is not a signatory (and hence not a party) to the Second Note. We review this challenge de novo (*Barnhart*, *supra*, 211 Cal.App.4th at p. 237) and reject it for two reasons. First, section 1717 "was designed to establish mutuality of remedy . . . ." (*Trope v. Katz* (1995) 11 Cal.4th 274, 285.) Consequently, "[a] party is entitled to recover its attorney fees pursuant to a contractual provision . . . when the party would have been liable for the fees of the opposing party if the opposing party had prevailed." (*Real Property Servs. Corp. v. City of Pasadena* (1994) 25 Cal.App.4th 375, 382.) Because Williams would have been liable to Meyer for attorney fees under the Second Note if Meyer had convinced the trial court that Williams was liable to him on that Note, Meyer is liable to Williams for these fees when she prevailed in her claim that she was not. (Accord, *Santisas v. Goodin* (1998) 17 Cal.4th 599, 611.) Second and alternatively, attorney fees are a valid element of damages for slander of title. (*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC* (2012) 205 Cal.App.4th 999, 1030-1031.)

## III. *Offset*

Williams asked the trial court to offset her damages against the outstanding balance of the First Note, but the court apparently did not consider the issue. Because the offset decision can sometimes rest on equitable considerations (*Brienza v. Tepper* (1995) 35 Cal.App.4th 1839, 1847-1848), we remand the case to the trial court for the limited purpose of considering Williams's request for an offset. We make no suggestion as to how the court should rule.

5

*DISPOSITION*

The judgment is affirmed, but remanded to the trial court to consider Williams's request for an offset.  Parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.



HOFFSTADT, J.[*]


We concur:



GILBERT, P. J.



PERREN, J.

_____

[*] (Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

6

Henry J. Walsh, Judge

Superior Court County of Ventura
_____


Law Office of Richard L. Francis & Associates, Richard L. Francis for Plaintiff and Appellant.

Manfredi, Levine, Eccles, Miller & Lanson, Don E. Lanson, David V. Hadek, for Defendant and Appellant.