Filed 6/26/25  Vista Land v. Robinson CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| VISTA LAND, LLC, | B331975 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20STCV47123) |
| v. | |
| RAYMOND G. ROBINSON et al., | |
| Defendants and Appellants; | |
| VIP BHOLA, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Randolph M. Hammock, Judge.  Affirmed.

Law Office of Lee Wahl and Lee Wahl for Defendant and Appellant Gregory Royston.

Robinson Legal and Raymond G. Robinson for Defendant and Appellant Raymond G. Robinson.

Law Offices of Vip Bhola and Vip Bhola for Respondent Vip Bhola.

No appearance for Plaintiff and Respondent Vista Land, LLC.

_____

Defendants Gregory Royston and Raymond G. Robinson (appellants) were found guilty of contempt for violating a preliminary injunction. They now appeal the award of attorney fees made pursuant to Code of Civil Procedure[1] section 1218 to respondent Vip Bhola, who represented plaintiff Vista Land LLC (Vista) in the contempt proceedings. Appellants contend that the court abused its discretion by finding that there was good cause to extend the time for Bhola to file the fees motion, that Bhola had not been compensated by Vista for the fees claimed, that the fees were reasonably incurred in connection with the contempt proceedings, and by applying a multiplier to increase Bhola's fee award. They also assert judicial bias and challenge evidence admitted in the underlying contempt proceeding. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

The underlying case involved two deeds of trust on a property in Tarzana. In September 2020, plaintiff Vista

---

[1]    All subsequent statutory references are to the Code of Civil Procedure.

[2]    The background facts relating to events prior to the motion for attorney fees are drawn primarily from plaintiff's amended complaint. The record on appeal does not include the transcripts or filings from the contempt proceedings.

2

purchased a second deed of trust and then foreclosed, thereby becoming the owner of the property subject to the first deed of trust held by defendant EIJ, Inc. Around that same time, EIJ, Inc. transferred the first deed of trust to defendant AWBCO, LLC (AWBCO), of which defendant Royston is a principal.

## I. Violation of the Preliminary Injunction and Contempt Proceeding

In December 2020, Vista, through its then-attorney, filed a complaint in this action against AWBCO, Royston, and others, alleging that defendants committed fraud and fabricated the deeds of trust. At the same time, Vista also filed an ex parte application for a temporary restraining order and order to show cause regarding a preliminary injunction. The court granted the application and set a hearing. In January 2021, the court granted a preliminary injunction enjoining AWBCO from foreclosing on the property.

In October 2021, AWBCO transferred the first trust deed to R&R Real Properties LLC (R&R), which was owned by appellant Robinson.[3] Robinson was also AWBCO's attorney in the underlying lawsuit. On October 21, 2021, R&R conducted a foreclosure sale and acquired the property through a full-credit bid. On November 23, 2021, R&R sold the property to a third party.

After learning of the sale, in December 2021, Vista filed an ex parte application to set aside the foreclosure sale and hold Royston and Robinson in contempt for violating the preliminary injunction. The court issued an order to show cause regarding

---

[3] In September 2022, Vista filed an amended complaint, adding Robinson and others to the lawsuit.

3

civil contempt against Royston and Robinson.  A month later, Bhola substituted in as counsel for Vista.

On July 15, 2022, the court found Royston and Robinson guilty of contempt beyond a reasonable doubt.  The court stated it would consider awarding reasonable attorney fees following a noticed motion under section 1218, subdivision (a)[4].

On July 23, 2022, Vista substituted in new counsel in place of Bhola.

## II.    Motion for Attorney Fees

On August 9, 2022, Bhola filed a motion seeking attorney fees of $155,295.79 in connection with the contempt proceedings. The request was based on a lodestar amount of $88,740.45 and a 1.75 multiplier.[5]  However, on August 12, 2022, Vista, through its new counsel, withdrew the motion for attorney fees.

---

[4]    Section 1218, subdivision (a), states in part:  "a person who is subject to a court order as a party to the action, or any agent of this person, who is adjudged guilty of contempt for violating that court order may be ordered to pay to the party initiating the contempt proceeding the reasonable attorney's fees and costs incurred by this party in connection with the contempt proceeding."

[5]    "The lodestar method, or more accurately the lodestar-multiplier method, calculates the fee 'by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate.  Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative "multiplier" to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented.' " (*Laffitte v. Robert Half Internat. Inc.* (2016) 1 Cal.5th 480, 489.)

On April 14, 2023, Bhola filed an amended motion seeking the same attorney fees for the contempt proceedings pursuant to section 1218.  Bhola explained that success in the contempt proceedings took eight months of intensive litigation and required "multiple hearings (spanning December 2021 to July 15, 2022) to battle the challenges to evidence, challenges made to qualification of the Court, challenges to Notice of the hearing, challenges to the propriety of a Contempt hearing, and challenges to evidence being introduced against them."

One of the issues that arose during the contempt proceedings was a dispute over the role of Bhola's witness, Kevin Moda, whom appellants moved to exclude from testifying at trial. Bhola represented that Moda initially brought the first deed of trust to Royston[6] for assistance with foreclosure proceedings, and that Royston briefly represented Moda before defrauding him by transferring the property.  In contrast, Royston asserted that Moda was his former paralegal, and therefore his testimony should be suppressed.  Royston also moved to disqualify both Bhola and Moda from participating in the case, arguing that Moda hired defense counsel on Royston's behalf, prepared all of the pleadings, but then later went to work for Vista, bringing appellants' client file with him.  Although not clear from the record, the court appears to have denied the motion.

Bhola attested he spent 140 hours working exclusively on the contempt issue, and he provided billing invoices in support. Bhola attested Vista never paid him for this work.  Bhola argued he was entitled to a 1.75 multiplier due to the novelty and difficulty of the questions involved, his skill displayed in

---

[6]     Both Robinson and Royston are attorneys.

presenting the issues, the extent to which the nature of the litigation precluded him from other employment, and the contingent nature of the fee award.

On April 20, 2023, Robinson filed an ex parte application to strike Bhola's motion for attorney fees, arguing that Bhola lacked standing because he was no longer representing Vista, and only Vista or its new counsel could seek attorney fees. Royston joined in the motion. At the hearing on the motion, the court requested more information from Vista as to whether Bhola had Vista's permission to file a motion for attorney fees.

In response, Vista filed a brief stating that "Counsel Bhola should be entitled to be awarded his attorney fees." Vista explained: "Even though Attorney Bhola is *former* counsel for the instant case, the contempt proceeding related to a willful violation of a court order and can be viewed separately as having vindicated a public right. Plaintiff's position is that the contempt statute of C.C.P. § 1218(a) vindicates a public purpose, i.e., the fair and orderly administration of justice, and is effectively a private attorney general statute. Taken together, C.C.P. §§ 1218(a) and 1021.5 provide standing to attorneys, to move for an award of attorney fees despite not being a party to the litigation, and Plaintiff believes this standing should be given to Counsel Bhola to move for his reasonable attorney fees."

A week and a half later, Vista also filed a limited opposition to Bhola's motion for attorney fees, objecting "to the extent [Bhola] seeks attorney fees in consideration of legal services for which he has already been paid by Plaintiff." Vista stated that between January and July 2022, it paid Bhola $58,359 "in consideration of legal services rendered pursuant to three retainers." Vista further stated that Bhola "did not provide

6

[Vista] with any invoices detailing the specific tasks billed for, so it is unclear to what extent these payments may have been in satisfaction of legal services rendered in relation to the contempt proceedings or, in the alternative, were in consideration of other legal services rendered." The limited opposition was accompanied by a declaration from Vista's principal, Mark Wong, attesting to these facts.

Appellants filed briefs opposing Bhola's motion for attorney fees and objections to his evidence. Royston argued (1) the motion was untimely under California Rules of Court,[7] rule 3.1702(b)(1); (2) Bhola had not incurred fees pursuant to section 1218 because Mark Wong attested that Vista had paid Bhola $58,350; (3) Bhola lacked standing; (4) Bhola had not filed a memorandum of costs and thus could not claim costs; (5) the amount requested by Bhola was unreasonable; (6) some of the costs Bhola requested were not allowed by statute; and (7) application of the multiplier was not justified. Robinson filed a similar opposition echoing Royston's arguments. Robinson also argued the motion was improper because Moda had previously worked for AWBCO/Royston in defending against Vista's claims.

In his reply, Bhola contended his motion was timely because he had initially filed the motion for fees promptly, but that Vista's new counsel took it off calendar for reasons unknown. He also explained that from October 2022 to January 2023, he was involved almost daily in a long cause trial in another department. During this same period, appellants also unsuccessfully sought writ review of the contempt finding.

---

[7] All subsequent references to rules are to the California Rules of Court.

7

On May 31, 2023, the trial court heard argument on the motion for fees. At the hearing, Bhola told the court that the money he received from Vista was not related to his work on the contempt proceedings.

On June 1, 2023, the court awarded Bhola $61,875 in fees, based on a lodestar of $41,250 (75 hours at $550 per hour) and a 1.5 multiplier. In its order, the trial court exercised its discretion to treat the motion as timely, noting that Bhola had initially filed the first motion for attorney fees within the statutory period, it was not clear why Vista took the motion off calendar, and appellants had not demonstrated undue prejudice. Because Vista agreed that Bhola was entitled to attorney fees for prosecuting the contempt proceedings, the court found that Bhola had standing.

The court also found that Bhola's proposed hourly rate of $550 was reasonable considering his level of experience, the complexity of the contempt proceedings, the quality of his services, and the prevailing market rates for comparable legal work in the community. The court reviewed the billing entries and reduced Bhola's claimed hours from 146 to 75, stating that they were "plainly excessive for the limited scope of the contempt trial." The court applied a 1.5 multiplier, explaining that "under the totality of the circumstances" such a multiplier was appropriate due to "the difficulty of the litigation surrounding the contempt proceedings, and especially in view of the 'scorched earth' approach utilized by the Defendants in their specious defense of contempt proceedings." Because Bhola did not file a memorandum of costs, the court did not award costs.

Appellants appealed.[8]

## DISCUSSION

On appeal, appellants challenge the trial court's award of attorney fees. Specifically, appellants contend that the court abused its discretion by extending Bhola's time to file an attorney fees motion, finding that Bhola had not been paid for his work on the contempt proceedings, and applying a multiplier to increase Bhola's fee award. Appellants also challenge evidence admitted in the underlying contempt proceeding and assert judicial bias. For reasons explained below, we find no error and affirm.

## I.    No Abuse of Discretion in Concluding Bhola's Motion for Fees was Timely

Appellants argue Bhola's motion was not timely filed under rule 3.1702(b)(1) because Bhola's amended motion was filed 270 days after the trial court served the contempt order. They contend that Bhola failed to state good cause to support the court's decision to extend the time to file the motion.

Rule 3.1702(b) provides that a motion seeking attorney fees for services "up to and including the rendition of judgment in the trial court" must be served and filed "within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case." A motion for attorney fees thus is timely if filed within 60 days after service of the notice of entry of judgment. (Rules

---

8    This court asked appellants to brief the timeliness of their notices of appeal. We have reviewed their letter briefs and conclude appellants have complied with rule 8.104(a)(1) by filing within 180 days after entry of judgment since a notice of entry of judgment was not served.

9

3.1702(b), 8.104.)

Rule 3.1702(d) provides: "For good cause, the trial judge may extend the time for filing a motion for attorney[] fees." Factors relevant to the good-cause analysis include whether counsel acted reasonably, whether the court found counsel's explanation credible, and whether the party opposing the fee motion suffered any prejudice from the delay. (See *Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 327–328 (*Robinson*); *Lewow v. Surfside III Condominium Owners Assn., Inc.* (2012) 203 Cal.App.4th 128, 135–136.) "Rule 3.1702(d) is 'remedial' and is to be given a liberal, rather than strict interpretation." (*Id.* at p. 135.) "Remedial" in this context means that "wherever possible cases should be heard on their merits." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1778; *Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1382 [" 'modern trend of judicial decisions' " favors granting relief for a protected party under a remedial statute " 'unless absolutely forbidden by statute' "].) We review the trial court's finding of good cause under rule 3.1702(d) for an abuse of discretion, reversing only if the court's determination was arbitrary or capricious, or resulted in a miscarriage of justice. (*Robinson*, at p. 327.)

Here, on July 18, 2022, the trial court issued its contempt finding, serving it on the parties by email. On August 9, 2022, Bhola filed his first motion for attorney fees—well within the 60-day period. Vista took the motion off calendar on August 12, 2022. Eight months later, on April 14, 2023, Bhola filed an amended motion seeking the same attorney fees for the contempt proceedings.

Although the amended motion was not within the 60 days required by the statutory scheme, the court found good cause to allow the late filing under rule 3.1702(d). The trial court found: "good cause exists to extend the time for filing the motion for attorney[] fees, assuming without determining that the motion was untimely. Indeed, Bhola—while no longer representing Plaintiff—promptly filed the original motion for fees on August 9, 2022. However, for reasons not entirely clear, Plaintiff's new counsel took the motion off calendar just days later.

"Of course, there is a fair argument that Bhola was dilatory in refiling the motion, as he did not do so until April 14, 2023– nearly 8 months after the original filing. But importantly, Defendants have not shown they will suffer undue surprise or prejudice if the motion is heard at this time. The court therefore exercises its discretion to consider the motion as timely and extend the time for filing, if necessary."

We conclude the trial court did not abuse its discretion. The record shows that Bhola filed a timely motion for attorney fees shortly after the contempt ruling, demonstrating his intent to pursue fees without delay. The motion was taken off calendar not by Bhola, but by Vista's new counsel, for reasons that remain unclear—especially since Vista subsequently supported Bhola's fees motion. That Bhola's timely attempt to obtain fees was derailed by actions outside his control supports the trial court's finding of good cause. Although Bhola waited to refile the motion, the court reasonably found that appellants suffered no undue prejudice or surprise because of the delay. Based on the foregoing, the trial court did not abuse its discretion by extending the filing deadline.

11

## II.    No Abuse of Discretion in Awarding Attorney Fees

Under section 1218, a person adjudged guilty of contempt may be ordered to "pay the party initiating the contempt proceeding the reasonable attorney[] fees and costs incurred by this party in connection with the contempt proceeding."  (§ 1218, subd. (a).)  We review an order granting or denying an award of attorney fees in a contempt proceeding for abuse of discretion.  (*Rickley v. Goodfriend* (2012) 207 Cal.App.4th 1528, 1533.)  With this standard in mind, we address appellants' contentions.

Appellants challenge the court's exercise of discretion in awarding Bhola attorney fees, arguing Vista had already paid Bhola $58,359 for his work on the contempt proceedings and thus Bhola was due no fees.  They urge "the trial court erred by ignoring plaintiff's own evidence that Bhola lied extensively in his declaration to support the motion for attorney[] fees."[9] Appellants mischaracterize the evidence.

Vista's principal, Mark Wong, attested that between January and July 2022, Vista paid Bhola $58,359 "in consideration of legal services rendered pursuant to three retainers."  Wong believed that these fees covered the contempt proceedings but also admitted that Bhola "did not provide [Vista] with any invoices detailing the specific tasks billed for, so it is unclear to what extent these payments may have been in satisfaction of legal services rendered in relation to the contempt proceedings or, in the alternative, were in consideration of other

---

[9]    Whether Bhola had been paid is significant because his standing to seek attorney fees under section 1218, independent of Vista, depended on his claim that he had not been compensated for his work on the contempt proceedings.

12

legal services rendered." Thus, Wong's declaration only confirms that Bhola was paid $58,359—it does not establish that the payments were for work related to the contempt proceedings.

The case register shows that from January to July 2022—when Bhola served as Vista's counsel—he handled a significant volume of litigation activity. Bhola filed ex parte applications, objections to peremptory challenges, declarations, various motions, oppositions to discovery motions and ex parte applications, requests for judicial notice, a motion for a protective order, a supplemental complaint, an opposition to a demurrer, a demurrer to a cross-complaint, and a reply to a defendant's opposition to the demurrer. He also sought to shorten notice for depositions, attended hearings, sought sanctions, and opposed an anti-SLAPP motion. In short, this was an active case.

Given this record, the trial court could reasonably credit Bhola's statements in his fee motion and at the hearing that he had not been paid for his work on the contempt proceedings. Indeed, the court appears to have done so: it reduced Bhola's claimed hours from 146 to 75, finding the request "plainly excessive for the limited scope of the contempt trial." The court did not abuse its discretion by crediting Bhola's statements, determining the number of hours reasonably attributable to the contempt proceeding, and awarding attorney fees.

We also reject appellants' contention that the award was inequitable due to alleged dishonesty by Bhola. "The determination of the credibility of each witness and the weight to be given to his or her testimony is within the exclusive province of the trial judge as the trier of fact." (*Gonzales v. Gonzales* (1968) 267 Cal.App.2d 428, 432.) We do not reweigh the evidence on appeal. (*Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587.)

13

## III. Appellants Forfeited Their Remaining Contentions

Rule 8.204 provides in relevant part that all appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  (Rule 8.204(a)(1)(C).)  "When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made.  [Citation.]  We can simply deem the contention to lack foundation and, thus, to be forfeited."  (*In re S.C.* (2006) 138 Cal.App.4th 396, 406–407; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 ["If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived."]; *Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230 [our " 'review is limited to issues which have been adequately raised and briefed' "].)  Applying these principles, we conclude that appellants have forfeited their remaining contentions.

First, appellants argue that the trial court erred by allowing Moda to participate as a witness in the contempt proceedings.  They assert that "Moda's conduct tainted all aspects from this case including the contempt proceedings.  Vista used the privileged materials in the stolen file to draft pleadings against AWBCO/Royston and the other defendants.  This abuse included allowing Moda to testify against his former employers, appellants Royston and Robinson[,] at the contempt hearing over their objections."  They urge that, "Because the proceedings were contaminated with privileged information stolen from appellants, no attorney[] fees should have been granted."  Yet, appellants do

14

not provide a single citation to the record in making this eight-page argument.

Also without citation to the record, appellants argue that the court erred in applying a 1.5 multiplier to Bhola's lodestar fees, which were based on 75 hours billed at $550 per hour. Specifically, appellants contend the multiplier was unwarranted because many of Bhola's pleadings were drafted by Kevin Moda and all of the pleadings were of poor quality. Their brief offers a series of unsubstantiated criticisms, describing Bhola's filings as containing "ad hominem attacks," "wanderings of a mentally troubled man," and "sophomoric mistake[s]." Yet, appellants do not identify where in the record this court could locate such transgressions.

Similarly, without a single citation to the record, appellants accuse the trial judge of bias because the court "did nothing" when "appellant Robinson brought to the trial court's attention that Moda had threatened twice to have him beaten" and "that Moda had threatened to murder the entire Robinson family."

Because appellants failed to support the foregoing contentions with citation to the record, appellants have forfeited these arguments.[10] We also point out that appellants failed to furnish this court with a record of the contempt proceedings where Moda testified. "The appellant has the burden of furnishing an appellate court with a record sufficient to consider the issues on appeal. (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532–1533.) An appellate court's review is limited to consideration of the matters contained in the appellate

---

[10] We note that respondent's brief also lacks record references in violation of the aforementioned Rules of Court.

15

record." (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) In the absence of an adequate record to support the appellants' claim of error, "we presume the judgment is correct." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.)

In addition, appellants raised the issue of Bhola's standing for the first time at oral argument, without having briefed it on appeal. However, "[n]ew issues cannot generally be raised for the first time in oral argument." (*New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal.App.4th 1088, 1098; *People v. Thompson* (2010) 49 Cal.4th 79, 110, fn. 13 ["Because counsel failed to raise this comparative juror argument in her briefs, to raise it at oral argument was improper."].) Accordingly, appellants have forfeited this issue as well. (*Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 753 [new contention presented at oral argument forfeited].)

## DISPOSITION

We affirm the order awarding attorney fees. Respondent Vip Bhola is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.                                        ADAMS, J.

16